# EXHIBIT A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

JULY 2018     002058

| | |
|---|---|
| PLAINTIFF'S NAME<br>JOYCE LYONS | DEFENDANT'S NAME<br>DRIVETIME CARSALES COMPANY, LLC, ALIAS:<br>DRIVETIME PLYMOUTH MEETING |
| PLAINTIFF'S ADDRESS<br>33 W. MAIN STREET APT 1<br>NORRISTOWN PA 19401-4718 | DEFENDANT'S ADDRESS<br>1425 E. RIDGE PIKE<br>PLYMOUTH MEETING PA 19462 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JON EHRLINGER |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1425 E. RIDGE PIKE<br>PLYMOUTH MEETING PA 19462 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>BRIDGECREST ACCEPTANCE CORP., ALIAS: BAC |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>4020 EAST INDIAN SCHOOL ROAD<br>PHOENIX AZ 85018 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 3 | [X] Complaint   [ ] Writ of Summons | [ ] Petition Action<br>[ ] Transfer From Other Jurisdictions | [ ] Notice of Appeal |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE
4F - FRAUD

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br>JUL 18 2018<br>M. BRYANT | YES     NO |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOYCE LYONS

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>WILLIAM C. BENSLEY | ADDRESS<br>1500 WALNUT STREET<br>SUITE 900<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER<br>(267)322-4000    FAX NUMBER<br>(267)299-8079 | |
| SUPREME COURT IDENTIFICATION NO.<br>79953 | E-MAIL ADDRESS<br>wcbensley@bensleylawoffices.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>WILLIAM BENSLEY | DATE SUBMITTED<br>Wednesday, July 18, 2018, 12:50 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**BENSLEY LAW OFFICES, LLC**
By:     William C. Bensley
Identification No. 79953
1500 Walnut Street, Suite 900
Philadelphia, PA 19106
Email: wcbensley@bensleylawoffices.com
(267) 322-4000

**ASSESSMENT OF DAMAGES HEARING:**
☐ IS ☐ IS NOT REQUIRED

☐ JURY ☐ NON-JURY ☐ ARBITRATION

---

JOYCE LYONS
33 W. Main Street, Apt 1
Norristown, PA 19401-4718
        v.
DRIVETIME CARSALES COMPANY, LLC
d/b/a DRIVETIME PLYMOUTH MEETING
1425 E. Ridge Pike
Plymouth Meeting, PA 19462
       and
JON EHRLINGER
1425 E. Ridge Pike
Plymouth Meeting, PA 19462
       and
BRIDGECREST ACCEPTANCE CORP.
4020 East Indian School Road
Phoenix, AZ 85018

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**COURT OF COMMON PLEAS**
**PHILADELPHIA COUNTY**

**CIVIL TRIAL DIVISION**
**JULY TERM, 2018**

**NO.**

RECV'D MCSO MONTCO.PA
2018 JUL 20  A 11: 53

---

**COMPLAINT**
**NOTICE TO DEFEND**

|  |  |
|---|---|
| **NOTICE** | **AVISO** |
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas espuestas en las paginas siguientes, usted tiene veinte (20) disa de plazo el partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perer dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find our where you can get legal help.* | *Lleva esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagartal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333 | Asociacion de Licenciados<br>de Filadelfia<br>Servicio de Referencia e<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107 |

**BENSLEY LAW OFFICES, LLC**
BY:    William C. Bensley    RECV'D MCSO MONTCO. PA    **Attorney for Plaintiff**
Identification No.:  79953
1500 Walnut Street, Suite 200    2018 JUL 20  A II: 53
Philadelphia, PA   19102
(267) 322-4000
Email: wcbensley@bensleylawoffices.com

| | | |
|---|---|---|
| JOYCE LYONS | : | COURT OF COMMON PLEAS |
| 33 W. Main Street, Apt 1 | : | PHILADELPHIA COUNTY |
| Norristown, PA  19401-4718 | : | |
| v. | : | CIVIL TRIAL DIVISION |
| DRIVETIME CARSALES COMPANY, LLC | : | JULY TERM, 2018 |
| d/b/a DRIVETIME PLYMOUTH MEETING | : | |
| 1425 E. Ridge Pike | : | NO. |
| Plymouth Meeting, PA  19462 | : | |
| and | : | |
| JON EHRLINGER | : | |
| 1425 E. Ridge Pike | : | |
| Plymouth Meeting, PA  19462 | : | |
| and | : | |
| BRIDGECREST ACCEPTANCE CORP. | : | |
| 4020 East Indian School Road | : | |
| Phoenix, AZ 85018 | : | |
| | : | |

**COMPLAINT**
**CIVIL ACTION:**
**FRAUD:  (4010)**

**PARTIES**

1.    Plaintiff, Ms. Joyce Lyons, is an adult individual presently residing at 33 W. Main

Street, Apt. 1, Norristown, PA  19401.

2.  .  Defendant, DRIVETIME CARSALES COMPANY, LLC d/b/a DRIVETIME .

PLYMOUTH MEETING ("DRIVETIME") is a corporation licensed to do business in the

Commonwealth of Pennsylvania, regularly conducting business in the City of Philadelphia and having

a principal place of business with a registered corporate headquarters located at Route 1425 E. Ridge

Pike, Plymouth Meeting, PA  19462; at all times relevant, acting alone or in concert with others,

1

formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set-forth in this Complaint.

3. Defendant, JON EHRLINGER ("EHRLINGER"), is a supervising agent and/or employee of DRIVETIME and holds a management position at and/or with said Defendant, and at all times relevant, acting alone or in concert with others, formulated, directed, concealed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set forth in this Complaint.

4. Defendant, BRIDGECREST ACCEPTANCE CORP. (BAC) is a corporation licensed to do business in the Commonwealth of Pennsylvania, that regularly does business in Philadelphia County, and that has headquarters located at 4020 East Indian School Road, Phoenix, AZ 85018; and at all times relevant, acting alone or in concert with others, formulated, directed, controlled, conspired, substantially assisted, enabled and/or participated in the acts and practices set-forth in this Complaint.

## FACTS AND ALLEGATIONS

5. At all times relevant hereto, defendants acted by and through their agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

6. On or about June 3, 2017, Plaintiff visited the DRIVETIME dealership at the above-referenced location.

7. Plaintiff was drawn by DRIVETIME's advertising, including that it was an expert in used cars and used car loans, that all vehicles are reconditioned, peace of mind as to vehicle condition, and that customer satisfaction was guaranteed.

8. Prior to the execution of any contracts, the Defendants' agents, including but not limited to Defendant, EHRLINGER, and/or those identified on the attached document(s), made the following representations expressly and/or impliedly about the subject vehicle:

    a)    the odometer reading and disclosure statement reflected the actual mileage;

2

b) the odometer reading and disclosure statement was reliable and accurate;

c) the subject vehicle had not been damaged or been involved in any accidents;

d) the subject vehicle was in good, safe and operable condition;

e) the subject vehicle was free of defects;

f) Plaintiff was being charged lawfully for taxes;

g) Plaintiff was being charged lawfully amounts paid to public officials for title, registration and lien fees;

h) Defendants were charging a lawful documentary fee;

i) Defendants would transfer lawfully Title and registration;

j) the sale was conducted and the paperwork was completed lawfully;

k) the subject vehicle had only one prior owner;

l) the subject vehicle was in immaculate condition.

9. Prior to the execution of any agreements, the Defendant's agents, including Defendant, EHRLINGER and/or those identified on the attached document(s), concealed the following facts from the Plaintiff about subject vehicle:

a) the vehicle was defective and in a state of disrepair;

b) the vehicle was unfit and unmerchantable;

c) the defendants did not conduct the transaction or complete paperwork lawfully;

d) the defendants charged an unlawful documentary fee;

e) the defendants did not transfer Title ownership lawfully;

f) the vehicle was in one or more pre-sale accidents.

10.    By a Retail Installment Sales Contract (RISC) dated June 3, 2017, the Plaintiff and Defendants ostensibly and apparently agreed to the terms for the financial purchase of the 2008 Acura TL (VIN: 19UUA66248A046321) (Exhibit 1).[1]

11.    Defendants gave plaintiff an inspection checklist that indicated falsely that the vehicle had been fully inspected and that no indication of accidents or damage had been detected and/or all reconditioning had been done and done properly (Exhibit 2).

12.    Defendants gave plaintiff an Autocheck report that indicated falsely that the vehicle had never been in any accidents or damaged (Exhibit 3).

13.    The aforementioned inspection report and Autocheck are writings and are considered part of the contract and/or were omitted fraudulently or due to a clerical error from the contract.

14.    The vehicle has been malfunctioning from soon after the purchase, including windows, hood shaking, rotors, and no start.

15.    In or about December 2017, plaintiff discovered that the vehicle had been in an accident pre-sale (Exhibit 4).

16.    There have been no post-sale accidents or damage.

17.    The subject vehicle was in one or more pre-sale accidents (Exhibit 4).

18.    The vehicle was sold in a damaged, including frame/structurally damaged, defective, unfit, unmerchantable and dangerous condition.

19.    Anyone with any reasonable experienced and competent member of the industry performing an industry standard appraisal or inspection could not have missed the classic indications of damage, repair and/or defects.

---

Under Pennsylvania Law, the RISC controls a financed motor vehicle purchase.

20.    Plaintiff fully notified defendants of her claims, demanded the cancellation of the transaction and the return of her money, demanded copies of all inspection and service records, and demanded that all records related to the subject vehicle and transaction be preserved (Exhibit 5).

21.    Defendants responded by refusing to cancel the transaction and/or return plaintiff's money and refusing to produce any much less all inspection and service records (Exhibit 6).

22.    Defendants also continued to rely upon its inspection and the aforementioned Autocheck report to deny any pre-sale accident or damage and to deny any possible notice or knowledge of any pre-sale accident or damage (Exhibit 6).

23.    The Pennsylvania Motor Vehicle Sales Finance Act (MVSFA) requires a creditor such as Defendants to disclose as the "amount financed" or the amount of credit of which the consumer has actual use.

24.    The MVSFA defines "credit" as the right granted by a creditor to a debtor to defer payments of debt or to incur debt and defer its payment.

25.    The RISC stated a specific "amount financed" in connection with the transaction.

26.    The RISC stated a specific "finance charge."

27.    The RISC stated a specific Annual Percentage Rate (APR).

28.    Defendants did not give Plaintiff a copy of the written disclosures in a form for Plaintiff to keep before Plaintiff had actually signed the RISC.

29.    Although Defendants began charging Plaintiff interest on the amount financed shown in the RISC pursuant to its established business practice, it did not provide Plaintiff with actual use of that amount financed on that date.

30.    The only way for Defendants to provide actual use of the amount financed to Plaintiff was for them to give up that amount of value to Plaintiff; after it gave up that value, it could then charge him interest on that amount.

5

31.     As a seller-creditor, the only way for Defendants to give up that amount of value to plaintiff was for Defendants to provide the vehicle as represented and promised, fulfill their other obligations under the RISC, such as making payments to public officials, sign the Title of the car over to plaintiff, and to refrain from interfering with her quiet enjoyment and possession of the vehicle; merely giving her temporary possession of the vehicle was not providing her actual use of the amount financed worth of credit.

32.     Defendants represented that they were signing the Title Certificate of the car over to plaintiff by representing that it would process the Title with the Department of Motor Vehicles, by acting as an agent of the Department of Motor Vehicles to provide her with a temporary tag and a temporary registration, and by using various contract documents that asserted that she was the owner of the car and was giving up a security interest in the car.

33.     Although Defendants gave plaintiff possession of the car on the date of sale, because defendants did provide the vehicle as represented and promised, did not forward the amounts to the Commonwealth, and/or did not transfer properly Title ownership, did not recognize plaintiff as the owner, it did not give his actual use of that credit that day.

## ADDITIONAL ALLEGATIONS

34.     Defendants never expressed in any manner any allegation that plaintiff supplied any false or unverifiable information in connection with the transaction.

35.     Defendants never expressed in any manner any allegation that any of defendants actions were as set forth herein were taken as a result of any false or unverifiable information supplied by the Plaintiff.

36.     The Plaintiff has no experience in or specialized knowledge related to the automotive industry, and/or related to motor vehicles, motor vehicle sales, motor vehicle repair, and/or consumer finance.

6

37. At all times relevant, Defendants promised to take good care of the Plaintiff.

38. Defendants stood in a position of trust and confidence.

39. Plaintiff surrendered substantial control over the financing of the subject purchase.

40. By virtue of their position of trust and confidence, their unequal sophistication and expertise, defendants had the means to take advantage and exercise undue influence over plaintiff.

41. The purchase of a motor vehicle is one of the largest investments that many, if not most, consumers make.

42. The subject purchase was the plaintiff's first or second greatest investment.

43. The Defendants stood in a fiduciary relationship with the plaintiff.

44. The Defendants exploited their fiduciary relationship by deceiving the plaintiff regarding the party's respective rights and duties under the RISC, and concealing the nature of Defendant's conduct (misconduct).

45. The established business practices discussed in the preceding paragraphs caused plaintiff(s) to misunderstand how defendants were treating the Credit Contract, prevented or caused a delay in receiving Title ownership, caused plaintiff to suffer, annoyance, embarrassment, fear, and other general distress damages, and caused plaintiff to be denied the benefits of the consumer protection statutes specifically designed to protect her.

46. The Defendants are in the business and regularly extend credit to consumers in the manner described above.

47. The sellers are licensed installment sellers in the Commonwealth of Pennsylvania.

48. Defendant BAC is and/or is required to be a licensed finance companies in the Commonwealth of Pennsylvania.

49. The subject vehicles were purchased by the Plaintiff primarily for personal use.

7

50. The Defendants induced and entered into the subject purchase-sale agreements with a then present and conscious intention to breach, reject, and/or refuse to honor their obligations under said agreement.

51. The established business practices discussed in the preceding paragraphs were created, implemented, approved, and/or supervised by the Defendants.

52. As a result of the Defendants' unlawful actions, the plaintiff has been deprived of the use of the vehicle, has incurred expenses for replacement transportation, has suffered damage to his credit rating and credit reputation, and has suffered extreme emotional distress, frustration, humiliation, and/or embarrassment.

53. Plaintiff has been and will continue to be financially damaged due to Defendants' intentional, reckless, wanton, and/or negligent failure to honor their contractual obligations and the damage to their credit rating and reputation.

54. During all times relevant the Defendants deceived the plaintiff into believing Defendants' actions were lawful, and/or concealed their actions' unlawful nature.

55. At all times relevant, the Plaintiff relied on Defendants' apparent and claimed experience, sophistication and expertise in inspecting, repairing, selling and/or financing motor vehicles.

56. The defendants knew or should have known of the subject vehicles' actual and defective condition, and full and complete histories, based on their experience in the trade, their agents' and/or employees' specialized training, their acquisition of the vehicles, their inspections of the vehicles, their access to the manufacturer database or other service history, and their reference to the paperwork and/or Carfax or other similar vehicle history reports.

## BRIDGECREST ACCEPTANCE CORP.

57.   Pursuant to the express terms of the RISC, State common law of assignments, and Statutory law, BAC "stepped into the same shoes" as the Dealer Defendants and became derivatively, jointly, severally and fully liable for all of the Dealer Defendants' misconduct.

58.   Plaintiff advised defendant BAC of the dealer's misconduct as alleged herein and defendant refused to acknowledge its potential derivative liability.

59.   Defendant BAC denied that the dealer's misconduct could in any way affect the parties' respective rights and duties under the RISC.

**COUNT I**
**FRAUD**
**PLAINTIFF v. ALL DEFENDANTS**

60.   Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

61.   As the assignee of the RISC, BAC is subject to all of the same claims as the dealer defendants.

62.   Prior to the execution of any contracts, the Defendants' agents, including but not limited to Defendant, EHRLINGER, and/or those identified on the attached document(s), made the following representations expressly and/or impliedly about the subject vehicle:

   a)   the subject vehicle had not been damaged or been involved in any accidents;

   b)   the subject vehicle was in good, safe and operable condition;

   c)   the subject vehicle was free of defects;

   d)   Defendants were charging a lawful documentary fee;

   e)   the vehicle was in immaculate condition;

   f)   the sale was conducted and the paperwork was completed lawfully.

63.   Prior to the execution of any agreements, the Defendant's agents, including Defendant, EHRLINGER and/or those identified on the attached document(s), concealed the following facts from the Plaintiff about the subject vehicle:

9

a)     the vehicle was defective and in a state of disrepair;

b)     the vehicle was unfit and unmerchantable;

c)     the defendants did not conduct the transaction or complete paperwork lawfully;

d)     the defendants charged an unlawful documentary fee;

e)     the defendants did not transfer Title ownership lawfully;

f)     the vehicle was in one or more pre-sale accidents.

64.     The misrepresentations and omissions identified in the immediately preceding paragraphs, were known or should have been known to Defendants to be false when made, were material in nature, and were made with the intent to deceive, defraud and/or induce the Plaintiff, and in fact, induced him to purchase the automobile at the price listed in the purchase agreement.

65.     The Defendants knew that the Plaintiff had no special knowledge in the purchase, financing and condition of automobiles and would rely on their representations.

66.     The Plaintiff relied on the Defendants' misrepresentations and was induced to sign the RISC and other documents related to which he apparently and ostensibly purchased and financed the aforementioned automobile at the inflated amount listed in the purchase agreement.

67.     As a result of the aforementioned conduct, the Plaintiff suffered the damages outlined above and below.

68.     The Defendants' actions as hereinbefore described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount greater than Fifty Thousand Dollars ($50,000), together with attorneys' fees, interest, other costs and punitive damages, and such other relief, including equitable, that the Court may find appropriate.

## COUNT II
## BREACH OF CONTRACT
## PLAINTIFF v. ALL DEFENDANTS

69.     Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

70.     As the assignee of the RISC, BAC is subject to all of the same claims as the dealer defendants.

71.     This and all subsequent causes of action are pleaded in the alternative and/or in addition to Plaintiff's cause of action for fraud.

72.     In the alternative, on the aforementioned dates, plaintiff apparently and/or ostensibly was misled to believe that she had contracted with Defendants for the purchase of the vehicle as well as taxes, registration, tags, service contract, and transfer of title, which agreement was final and included all payment and financing terms.

73.     Plaintiff performed or satisfied all of her obligations under the aforementioned finance purchase agreement.

74.     The Plaintiff was at no time relevant in default.

75.     Defendants are in breach of the aforementioned contract in that they have in the past and continue without justification to negligently, intentionally, willfully, fraudulently, and/or recklessly failed and/or refused to deliver to plaintiff the car for which plaintiff contracted under the agreed terms and/or demanded the return of the vehicle or deprived plaintiff of the quiet enjoyment of the vehicle or the amount of credit promised.

76.     The Defendants breached and/or anticipatorily breached all of the agreements thereby relieving plaintiff of any duty to perform thereunder.

77.     As a result of Defendants' breach, the plaintiff suffered the damages outlined above and in the following additional ways:

        a.      increased purchase costs;

11

b.       damaged credit rating and reputation;

c.       deprived of the use and enjoyment of the vehicle;

d.       incurred cost of replacement vehicle;

e.       spent time resolving problems created by Defendants' breach;

f.       incurred other incidental and consequential damages, including emotional distress; and,

g.       incurred increased interest and other expenses for financing the purchase of the vehicle.

78.    The Defendants' actions as hereinbefore described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount greater than Fifty Thousand Dollars ($50,000), together with attorneys' fees and interest and other costs and such other relief, including equitable relief, that the Court may find appropriate.

**COUNT III**
**NEGLIGENCE**
**PLAINTIFF v. ALL DEFENDANTS**

79.    Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

80.    As the assignee of the RISC, BAC is subject to all of the same claims as the dealer defendants.

81.    The Defendants were negligent in the following respects:

a.       failing to institute appropriate policies and procedures to comply with the applicable laws;

b.       failing to institute policies, train personnel, and supervise personnel regarding lawful financing and/or sales presentations;

c. failing to institute policies, train personnel, and supervise personnel regarding proper pre-sale inspections of vehicles;

d. failing to institute policies, train personnel, and supervise personnel regarding Title transfers;

e. failing to institute policies, train personnel, and supervise personnel regarding financing agreements;

f. failing to institute policies, train personnel, and supervise personnel regarding sales of and performance obligations related to service contracts.

g. failing to hire competent and/or honest personnel, such as mechanics and salespeople;

h. failing to properly train and/or supervise its personnel;

i. failing to honor RISCs and their other promises and representations described more fully above and below.

j. failing to properly inspect the vehicle, detect defects therein, and/or report said defects to the Plaintiff;

k. violating 13 Pa.C.S.A. § 101 et seq., 75 Pa. C.S.A. § 7131 et seq., 69 P.S. § 601 et seq., 37 PaC. § 301 et seq.

82. Plaintiff suffered actual damages proximately caused by Defendants' negligence as alleged above.

83. The Defendants' actions as hereinbefore described were reckless, outrageous, willful, and wanton, thereby justifying the imposition of exemplary, treble and/or punitive damages.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount greater than Fifty Thousand Dollars ($50,000), together with attorneys' fees and interest, and punitive damages and such other relief, including equitable relief, that the Court may find appropriate.

## COUNT IV
## NEGLIGENT MISREPRESENTATION
## PLAINTIFF v. ALL DEFENDANTS

84.     Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

85.     As the assignee of the RISC, BAC is subject to all of the same claims as the dealer defendants.

86.     The conduct of the Defendants as alleged in addition to and in the alternative constituted separate negligent misrepresentations that were false because of the failure to exercise reasonable care or competence in obtaining or communicating the information, including but not limited to misrepresentations about the history, condition and safety of the vehicle and the terms of sale and financing and related to the transfer of Title ownership.

87.     The Defendants supplied information including but not limited to that the vehicle was formerly owned and operated by the dealer owner, that the paperwork was being completely lawfully, and that defendants were charging plaintiff lawfully for title, registration, lien recording, and aftermarket products, which induced plaintiff to purchase the vehicle and/or taking or refraining from taking action with respect to the vehicle, such as returning the vehicle or rescinding the purchase contract and/or filing suit.

88.     As a direct and proximate result of these negligent misrepresentations, the Plaintiff suffered damages as alleged.

WHEREFORE, Plaintiff demands judgment against the Defendants in excess of Fifty Thousand Dollars ($50,000), together with attorneys' fees, interest, costs, and punitive damages, and such other relief, including equitable relief, that the Court may find appropriate.

14

## COUNT V
## BREACH OF FIDUCIARY DUTY, AND
## COVENANTS OF GOOD FAITH AND FAIR DEALING

### PLAINTIFF v. ALL DEFENDANTS

89.     Plaintiff incorporates all facts and allegations set forth in this Complaint.

90.     As the assignee of the RISC, BAC is subject to all of the same claims as the dealer defendants.

91.     At the Defendants' request and inducement, the Plaintiff surrendered substantial control over their financing of the subject purchase.

92.     At all times relevant, Defendants promised to take good care of the Plaintiff and take care of all matters related to the purchase, financing, and titling of the subject vehicle.

93.     Plaintiff financed purchase of the subject vehicles was Plaintiff's single greatest investment.

94.     Defendants stood in a position of trust and confidence.

95.     By virtue of their position of trust and confidence, their unequal sophistication and expertise, Defendants had the means to take advantage and exercise undue influence over Plaintiff.

96.     The Defendants stood in a fiduciary relationship with the Plaintiff.

97.     The Defendants exploited their fiduciary relationship by deceiving the Plaintiff regarding the parties' respective rights and duties under the subject RISCs, and concealing the nature of Defendants' conduct (misconduct).

98.     The Defendants exploited their fiduciary relationship in causing the Plaintiff's delay in bringing this action.

99.     The Defendants breached their duty of good faith and fair dealing as follows:

        a)      Unlawfully, arbitrarily, capriciously, and, in bad faith, denying their duties and

15

obligations under the RISC;

b)   Denying their duties under the RISC to deny Plaintiff the benefits to which he was entitled under RISCs;

c)   Concealing the unlawful nature of their conduct;

d)   In general, by self-dealing to the substantial detriment of Plaintiff and in violation of the provisions of the agreement and the parties' agreements, understandings.

100.   By its aforesaid conduct, breaches, violations and failures, Defendants failed to discharge their professional and fiduciary duties with the care, skill, prudence and diligence under the circumstances then prevailing as required by a prudent person or entity acting in a like capacity and familiar with such matters.

101.   By its aforesaid conduct, breaches, violations and failures, Defendant violated and failed to discharge adequately his professional and fiduciary duties.

102.   Defendants' aforesaid breaches of its duty of good faith and fair dealing and violations of their professional and fiduciary responsibilities caused Plaintiff to suffer the damages outlined above and below.

WHEREFORE, Plaintiff demands judgment against the Defendants in excess of Fifty Thousand Dollars ($50,000), together with incidental, consequential and exemplary damages, and such other relief, including equitable relief, that the Court may find appropriate.

## COUNT VI
## VIOLATION OF THE PROFESSIONS AND OCCUPATIONS ACT
## BOARD OF VEHICLES ACT
## 63 P.S. § 818.19
## PLAINTIFF v. ALL DEFENDANTS

114.   Plaintiff incorporates all facts and allegations set forth in this Complaint.

16

115.    Defendants ROTHROCK and EHRLINGER are licensed under the PAOA/BOVA.

116.    Defendant ROTHROCK and EHRLINGER are licensed and/or are required to licensed dealer, new vehicle franchise, and/or motor vehicle salesperson, and/or sell new motor vehicles.

117.    The misconduct more particularly identified above and below constitute violations of 63 P.S. § 818.19(2), (3), (5), (6), (7), (21), (23), (24), and (26).

118.    As a result of the Defendants' misconduct, the Plaintiff was deprived of the use and enjoyment of the subject vehicle, the use and enjoyment of their down payment, will incur costs and expenses for replacement vehicles, incurred inconveniences and frustration, together with the other damages set forth above and below.

119.    The defendants' individual and collective acts and/or omissions were substantial contributing factors and causes of violations of the duties as set forth in this Count and to plaintiff's indivisible harm and damages more fully described above and below, and render the defendants joint and severally liable to the plaintiff.

120.    The Board of Vehicles Act – also known as the Profession and Occupation Act – provides for a private right of action and civil remedies. 63 P.S. § 818.29.

### § 818.29. Civil actions for violations

Notwithstanding the terms, provisions or conditions of any agreement or franchise or other terms or provisions of any novation, waiver or other written instrument, any person who is or may be injured by a violation of a provision of this act of any party to a franchise who is so injured in his business or property by a violation of a provision of this act relating to that franchise, or any person so injured because he refuses to accede to a proposal for an arrangement which, if consummated, would be in violation of this act, may bring an action for damages and equitable relief, including injunctive relief, in any court of competent jurisdiction.

63 P.S. § 818.29.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and/or severally in excess of Fifty Thousand Dollars ($50,000), together with incidental and consequential damages, interest, costs, and such other and/or equitable relief, including rescission, as the Court may find appropriate.

### COUNT VII
### VIOLATION OF PENNSYLVANIA UNFAIR TRADE PRACTICES
### AND CONSUMER PROTECTION LAW
### PLAINTIFF v. ALL DEFENDANTS

121.    Plaintiff incorporates by reference all facts and allegations set forth in this Complaint.

122.    As the assignee of the RISC, BAC is subject to all of the same claims as the dealer defendants.

123.    The actions and omissions of Defendants as hereinbefore and hereinafter described constitute violations of the Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 Pa.C.S.A. § 201-1 *et. seq.*, which are in-and-of-themselves fraudulent, deceptive and misleading, constituting violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-1 *et. seq.*

124.    The actions and omissions of Defendants has hereinbefore and hereinafter described constitute violations of the following sections of the UTPCPL 73 P.S. § 201-2(4):

(ii)    Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(v)    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

18

(vi)     Representing that goods are original or new if they are deteriorated, altered,

reconditioned, reclaimed, used or secondhand;

(vii)    Representing that goods or services are of a particular standard, quality or grade,

or that goods are of a particular style or model, if they are of another;

(ix)     Advertising goods or services with intent not to sell them as advertised;

(xi)     Making false or misleading statements of fact concerning the reasons for,

existence of, or amounts of price reductions;

(xxi)    Engaging in any other fraudulent or deceptive conduct which creates likelihood

of confusion or of misunderstanding.

## Pennsylvania Automotive Industry Trade Practices

125.     The defendants' refusal or failure to provide Spanish translation versions of the BO and

RISC and other forms was a violation of the AITP. 37 Pa.C. § 301.4(b).

126.     The defendants actions, including misrepresenting the vehicle's history, condition and

value, misrepresenting the seller and the terms and conditions of the sale and financing, as set forth in

more detail above and below, and/or the respective sales documents, violated the following provisions

of the Pennsylvania Automotive Industry Trade Practices:

§ 301.2. Advertising and sales presentation requirements (1) The use of different type, size,
style, location, sound, lighting or color, so as to obscure or make misleading a material fact in
an advertisement or sales presentation.(2) The misrepresentation in any way of the size,
inventory or nature of the business of the advertiser or seller; the expertise of the advertiser or
seller or his agents or employes; or the ability or capacity of the advertiser or seller to offer
price reductions.(3) The use of an advertisement or sales presentation as part of a plan or
scheme not to sell the vehicles or services advertised, or both, or not to sell the vehicles or
services advertised or presented at the advertised price. The following will be *prima facie*
evidence of a plan or scheme not to sell the motor vehicles or services or not to sell the vehicles
or services at the advertised or represented prices:
(i) Refusing to show, display, sell or otherwise provide the goods and services
advertised in under the terms of the advertisement.(ii) Disparaging by act or word the
advertised goods and services; the warranty; the credit terms; the availability of service,

repairs or parts; or anything which in any other respect is a material fact connected with the sale of the advertised goods and services.(iii) Refusing to take orders for advertised goods and services or taking orders at a price greater than the advertised price.(iv) Showing, demonstrating or delivering advertised goods or services which are obviously defective, unusable or unsuitable for the purpose represented or implied in the advertisement or sales presentation.

(4) The failure or refusal to sell a motor vehicle or other goods or services under terms or conditions, including price or warranty, which a motor vehicle manufacturer or dealer or repair shop has advertised or otherwise represented.(5) The representation in an advertisement or sales presentation that a motor vehicle or motor vehicle goods or services are of a particular style, model, standard, quality or grade if they are of another or if the representation conflicts with a written notice or disclosure required under this chapter. (6) The making of a representation or statement of a fact in an advertisement or sales presentation if the advertiser or salesperson knows or should know that the representation or statement is false and misleading or if the advertiser or salesperson does not have sufficient information upon which a reasonable belief in the truth of the representation could be based.§ 301.4. General provisions -- motor vehicle dealer (a) With regard to a motor vehicle dealer, the following will be considered unfair methods of competition and unfair or deceptive acts or practices:

(2) Using a printed or written contract form agreement, receipt or invoice in connection with the sale of a motor vehicle which is not clearly identified and which does not contain the following:

(i) The name and address of the dealer and purchaser.

(iii) A description of the purchased vehicle as either "new" or "used" and, if used, a brief description of its prior usage such as "executive," "demonstrator," "reconstructed," or any prior usage which is required to be noted on a Pennsylvania Certificate of Title or which appears on the title of any state through which the dealer has acquired ownership.(iv) The total contract price, including an itemized list of charges for repairs, services, dealer-installed optional accessories and documentary preparation which are not included in the purchase price.

(4)  Using in a motor vehicle purchase contract a liquidated damage clause or similar clause which requires the forfeiture of a purchaser's deposit or security when the purchaser cancels or breaches the contract unless: the clause contains a specific dollar amount or item to be retained by the dealer; the clause is clear and conspicuous; the purchaser assents to the clause by initialing the same; and the clause is not otherwise unlawful.(6) Failing to refund the full amount of a purchaser deposit promptly when:

(iv) The dealer fails to deliver to the purchaser a motor vehicle which conforms to the terms of the contract.

(9) Where no express warranty is given, attempting to exclude the implied warranties of merchantability and fitness for a particular purpose in the sale of a motor vehicle purchased primarily for personal, family or household purposes unless the following notice in at least 20-point bold type is prominently affixed to a window in the motor vehicle so as to be easily read from the outside and is brought to the attention of the prospective purchaser by the seller:This vehicle is sold *without* any *warranty*. The purchaser will bear the *entire expense* of repairing or correcting any defects that presently exist and/or may occur in the motor vehicle unless the salesperson promises *in writing* to correct such defect or promises in *writing* that certain defects do not exist.This paragraph prohibits the use of the term "AS IS" unless the sales contract, receipt, agreement or memorandum contains the following information in a clear, concise and conspicuous manner on the face of the document; the notice shall be in addition to the window statement required by this paragraph and may not contradict an oral or written statement, claim or representation made directly or by implication with regard to the quality, performance,

20

reliability or lack of mechanical defects of a motor vehicle which is offered for sale:AS IS*THIS MOTOR VEHICLE IS SOLD AS IS WITHOUT ANY WARRANTY EITHER EXPRESSED OR IMPLIED. THE PURCHASER WILL BEAR THE ENTIRE EXPENSE OF REPAIRING OR CORRECTING ANY DEFECTS THAT PRESENTLY EXIST OR THAT MAY OCCUR IN THE VEHICLE.*(10) Failing to forward to the proper Commonwealth agency amounts and forms tendered by a purchaser, such as sales tax and transfer and registration fees, within the time prescribed by law.

### Pennsylvania Motor Vehicle Sales Finance Act

127.   Defendants are licensed pursuant to 69 P.S. § 604.

128.   Pursuant to 69 P.S. § 610 Defendants licenses may be revoked if it has violated any provision of the MVSFA.

129.   Pursuant to 69 P.S. §§ 610 and 612, defendants must maintain satisfactory records to determine that the business is being operated in accordance with the MVSFA and may not falsify any records.

130.   Defendants violated 69 P.S. §§ 610 and 613-615 by defrauding plaintiff.

131.   Defendants violated 69 P.S. §§ 610 and 613-615 by failing willfully to perform a written agreement with the plaintiff.

132.   Defendants violated 69 P.S. § 610 by engaging in unfair, deceptive, fraudulent or illegal practices or conduct in connection with any business regulated under the MVSFA.

133.   Plaintiff claims all damages to which they are entitled arising from Defendants' violations of the Unfair Trade Practices and Consumer Protection Law.

134.   The actions and omissions of Defendants as hereinbefore and hereinafter described constitute violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-1 *et. seq.*, which are in-and-of-themselves fraudulent, deceptive and misleading, constituting violations of the Unfair Trade Practices and Consumer Protection Law, 73 Pa.C.S.A. § 201-1 *et. seq.*

135.    Plaintiff claims all damages to which they are entitled arising from Defendants' violations of the Unfair Trade Practices and Consumer Protection Law.

WHEREFORE, Plaintiff demands judgment against the Defendants in excess of Fifty Thousand Dollars ($50,000), together with attorney's fees, interest, costs, and treble damages, and such other relief, including equitable relief, that the Court may find appropriate.

BENSLEY LAW OFFICES, LLC

BY:        /s/ William C. Bensley
           WILLIAM C. BENSLEY
           **Attorney for Plaintiff**

## VERIFICATION

I hereby verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief.

This verification is made subject to the penalties set forth in 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

_Joyce Lyons_

DATE: _7-6-18_

# EXHIBIT 1

# SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT

REPRINT DATE: 6/3/2017    SALES DATE: 06/03/2017

| Buyer (and Co-Buyer) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| Joyce Lyons<br><br>33 W Main St Apt 1<br><br>Norristown. PA 19401-4718 | DRIVETIME CARSALES COMPANY, LLC  DBA: DRIVETIME<br>PLYMOUTH MEETING<br>1425 E Ridge Pike<br>PLYMOUTH MEETING, PA 19462-0000<br>6103822100<br>    158000267201 |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle. "We", "us" and "our" refer to the Dealer shown above and any person to which we may transfer or assign the Contract.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2008 Acura | TL | 19UUA66248A046321 | [X] Personal   ☐Agricultural<br>☐ Business |
| Trade-In: | Year | Make | | Model |

## FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 800.00 |
|---|---|---|---|---|
| 17.885  % | $ 13,422.85 | $ 21,505.63 | $ 34,928.48 | $ 35,728.48 |

### Payment Schedule

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 151 | $229.80 | BiWeekly beginning 07/01/2017 |
| 1 | $228.68 | Ending 04/15/2023 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 2% per month of the delinquent amount.

**Security Interest:** You are giving a security interest in the Vehicle being purchased. Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

## INSURANCE

YOU MAY OBTAIN INSURANCE ON THE VEHICLE FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

## NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle Buyers Guide. If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF THE SALE.

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

## ITEMIZATION OF AMOUNT FINANCED

| | | |
|---|---|---|
| 1 Purchase Price (including sales tax of $1,149.00 any accessories, their installation, and taxes) | $16,744.00 | (1) |
| 2 Down Payment | | |
| (2a) Cash Down Payment | $800.00 | (2a) |
| (2b) Trade-In Allowance | $0.00 | (2b) |
| (2c) Trade-In Payoff | $0.00 | (2c) |
| Payoff To: _____ | | |
| (2d) Net Trade-In (Description Page 1) (2b minus 2c) | $0.00 | (2d) |
| Total Down Payment (2a plus 2d) | $800.00 | (2) |
| 3 Unpaid Balance of Purchase Price (1 minus 2) | $15,944.00 | (3) |
| 4 Amounts Paid to Others on Your Behalf | | |
| (a) To Public Officials | | |
| License, title & registration fees | $16.43 | |
| License, title & registration fees | $102.20 | |
| Filing fees | $24.00 | |
| *(b) Other Charges: | | |
| *To: DriveTime For Documentary Preparation Charge | $134.00 | |
| **To: DriveTime For MotionGPS (3 yrs) plus | $695.00 | |
| **To: DriveTime For SilverRock DriveCare Powertrain | $3,555.00 | |
| **To: DriveTime For SilverRock GAP Coverage | $1,035.00 | |
| Total Amounts Paid to Others on Your Behalf (a plus b) | $5,561.63 | (4) |
| ** Dealer may retain or receive a portion of these amounts paid to others, except those fees paid to public officials. | | |
| 5 Balance of Purchase Price and Other Charges (3 plus 4) | $21,505.63 | (5) |
| 6 Amount Financed | $21,505.63 | (6) |

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of 17.885% per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined above in the Truth in Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any other products and services plus the Finance Charges if you buy them over time. You agreed to purchase the items over time. The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled. The actual amount you will pay may be more or less depending on your payment record.

**Prepayment:** You may prepay this Contract at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. You may obtain from us or our assignee or the insurance company named in your policy or certificate of insurance a refund of any prepaid, unearned insurance premiums.

**Security Interest:** To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. You agree a "first priority" security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right to setoff insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of what you owe us under the Contract to the extent not prohibited by applicable law.

DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN
KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO
ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES
OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL
NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.

X | Retail Sales Contract |
**Buyer Signs**

X | Retail Sales Contract |
**Co-Buyer Signs**

By signing below, the Dealer/Creditor accepts this Contract

X *Jon Ehlinger*
**Dealer**

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3, 4 AND 5 OF THIS CONTRACT AND
ACKNOWLEDGES RECEIVING A COPY OF THIS CONTRACT.

X _____
**Buyer Signs**

X _____
**Co-Buyer Signs**

# EXHIBIT 2

# Total Quality Inspection

| MODEL | YEAR | COLOR | VIN |
|---|---|---|---|
| TL | 2008 | | 19UUA66249A046321 |

| KEY CODE | AUDIO CODE | NAVIGATION CODE | STOCK NUMBER | DATE | TECHNICIAN |
|---|---|---|---|---|---|
| | 4572 | | 8963 | 6/9/08 | Tyrone |

**INSTRUCTIONS:** Use the appropriate service manual, owner's manual, and service bulletin to do all of the operations listed below, and mark the ☐ after completing the item. Put a line through the item if it does not apply to the vehicle.

## Before Starting (0)
- ☑ Fill up fuel tank; check fuel fill door
- ☑ Check fuel gauge operation
- ☐ Remove exterior protective covering (if vehicle is being prepared for delivery to client)
- ☑ Wash vehicle thoroughly
- ☐ Check paint finish for dents, dings, scratches, and blemishes

## 1. Vehicle Interior (Part 1)
- ☑ Remove items from trunk
- ☐ Remove interior protective plastic
- ☑ Install floor mats
- ☑ Check childproof locks
- ☑ Check seat belts and operation
- ☑ Remove front seat tags
- ☑ Check brake pedal and clutch pedal* freeplay
- ☐ Check parking brake operation

## 2. Vehicle Exterior (Part 1)
**Walk-around**
- ☑ Check body fit and alignment
- ☐ Check paint finish for dents, dings, scratches, and blemishes
- ☐ Check hinges, locks, and latches (lubrication and operation)

\* If applicable

1

## 3. Under Hood, Engine Cold

- ☑ Check battery state of charge with tester and enter the 10-digit test code. *Lu e.1. ES s22tь (see S/B 88-016, Battery Testing and Replacement)*
- ☐ Check battery cables and terminal tightness
- ☐ Release hood
- ☑ Check hood latch operation
- ☑ Inspect under-hood fuse
- ☑ Check wiring, hoses/clamps condition

Check fluid levels
- ☑ Automatic transmission
- ☐ Brake
- ☐ Clutch*
- ☑ Coolant (level and concentration)
- ☐ Engine oil
- ☐ Power steering
- ☑ Windshield washer (level and concentration)
- ☑ Check for fluid leaks
- ☑ Check drive belt tension indicator

* If applicable

## 4. Under Vehicle (On-Lift)

Drive vehicle onto a lift, and raise it to full height
- ☐ Check body panels (low view)
- ☑ Inspect and adjust tire pressures (see door/jamb sticker)
- ☑ Check tires for defects or damage
- ☐ Check brake lines
- ☐ Check suspension
- ☐ Check suspension bolts for torque paint
- ☑ Check steering gearbox and linkage
- ☑ Check driveline/axles/CV boots
- ☑ Check manual transmission fluid level*
- ☐ Check for fluid leaks
- ☑ Check exhaust components
- ☑ Check clips on fuel lines
- ☑ Check underbody
- ☑ Install body plugs

## 5. Vehicle Exterior (Part 2)

Lower vehicle to half-height
- ☑ Install front license plate holder
- ☑ Check body fit and alignments
- ☑ Check paint finish for dents, dings, scratches, and blemishes

Lower vehicle to ground
- ☐ Inspect wheel nut torque 108 N·m (80 lb·ft)
- ☑ Check keys; check operation of both keyless remote transmitters
- ☑ Check security system operation
- ☑ Manually check door key lock

## 6. Trunk Area

- ☑ Check trunk latch operation
- ☑ Check trunk light operation
- ☐ Check trim appearance and carpet fit
- ☑ Check jack and tools
- ☐ Inspect spare tire pressure and tire mounting
- ☐ Check emergency trunk opener operation

## 7. Under Hood - Engine Idling

**Close hood-**
- ☐ Cold-start engine
- ☐ Do idle learn procedure
- ☑ Check cooling fan operation
- ☑ Check engine coolant temperature gauge operation
- ☐ Check throttle operation and idle return
- ☑ Check tachometer
- ☐ Check engine idle speed – A/C on/off

## 8. Vehicle Interior (Part 2)

- ☐ Check for abnormal noise/vibration, in and out of gear
- ☑ Check glove box lock/unlock
- ☐ Check seat adjustments, including memory
- ☑ Check tilt and telescopic steering column operation
- ☐ Install shift lock release cover
- ☐ Enter navigation/audio security codes*
- ☐ Set up navigation/audio security code card*
- ☐ Do navigation system TQI*
- ☑ Set radio station presets
- ☑ Set clock*
- ☐ Check audio system, including CD changer

* If applicable

iii

## 8. Vehicle Interior (Part 2-Continued)

- ☑ Check XM® Satellite Radio (do dealer rapid refresh, if necessary)
- ☐ Check audio system steering wheel controls
- ☑ Do HandsFreeLink® operational check
- ☑ Check HomeLink® transceiver
- ☑ Check seat heater operation
- ☑ Check instrument panel brightness
- ☑ Check instrument panel indicators
- ☑ Check passenger's airbag off indicator
- ☑ Check exterior lights: auto operation, headlights, taillights, brake lights, turn signals and indicators, hazard lights, parking, and license plate lights
- ☑ Check headlight aim
- ☐ Check windshield wipers/washers

- ☑ Check rear window defogger operation
- ☐ Initialize driver's and passenger's auto up/down window operation
- ☑ Check moonroof operation and one-touch feature
- ☑ Check console compartment
- ☑ Check interior lights: ceiling, maplights, door, courtesy, glove box, and vanity mirrors
- ☑ Check sunvisors
- ☑ Check outside temperature display
- ☑ Check horn
- ☑ Check power mirror operation
- ☑ Check accessory power sockets
- ☑ Check assist handle mountings
- ☐ Check interior cleanliness

## 9. Road Test

- ☑ Initialize navigation system*
- ☑ Initialize compass*
- ☑ Verify shift lockout and key interlock*
- ☑ Check engine performance under all driving conditions
- ☑ Check automatic transmission operation*
- ☐ Check M/T clutch operation and shift smoothness*
- ☐ Verify steering wheel is centered and free from vibration (tire balance)
- ☑ Verify vehicle tracks straight
- ☑ Check for abnormal noise/vibration, wind noise
- ☐ Check audio and navigation voice controls*
- ☑ Check for squeaks and rattles

* If applicable

iv

## 9. Road Test (Continued)

- ☑ Check speedometer
- ☑ Check cruise control operation
- ☑ Check climate control system, including dual modes
- ☑ Place glove box materials in glove box

## 10. Final Inspection (At Delivery)

- ☑ Check battery state of charge with tester and enter the 10-digit test code `D19 IESSCRLL` (see SJB 88-016, *Battery Testing and Replacement*)
- ☑ Remove interior and exterior protective covering (if not previously removed)
- ☑ Wash and clean vehicle prior to delivery to client
- ☑ Check paint finish for dents, dings, scratches, and blemishes
- ☑ Top off fuel tank
- ☑ Remove window sticker and clean window
- ☑ Check interior cleanliness
- ☐ Recheck tire pressures including spare (see doorjamb sticker)

I certify that a Total Quality Inspection has been completed on this vehicle following Acura specifications. In addition, I also certify that all items requiring attention have been rechecked AFTER the items have been serviced, according to Acura quality control standards and procedures.



_____
TQI Technician

6/6/08
_____
Date

_____
Quality Control Inspector

_____
Date

# EXHIBIT 3



# Your AutoCheck Vehicle History Report

Report Run Date: June 3, 2017 10:43:05 AM EDT

## 2008 Acura TL

VIN: 19UUA66248A046321
Year: 2008
Make: Acura
Model: TL
Style/Body: Sedan 4D

Class: Upscale - Near Luxury
Engine: 3.2L V6 EFI
Country of Assembly: United States
Vehicle Age: 9 year(s)
Calculated Owners: 1



ONE OWNER
Calculated Owners: 1

 Accident Check
Reported accidents: 0

 State Title Brand and Other Problem Check
Your vehicle checks out.

 Odometer Check
Your vehicle checks out:
Last Reported Odometer Reading: 80,277

 Vehicle Use and Event Check
Specific vehicle use(s) or events reported



This vehicle's AutoCheck Score



AutoCheck Score
SIMILAR VEHICLES SCORE
73 - 81
**90**

The AutoCheck Score is a summary of your vehicle's history. It lets you compare similar vehicles with ease.

This vehicle is eligible for Buyback Protection



Due to the vehicle's history showing no reported major state title brands. About Buyback Protection

(https://www.autocheck.com/members/culdesac/whatIsThis.jsp)

## Accident Check

Not all accidents / issues are reported to AutoCheck.

**Your Vehicle Checks Out:** There have been no accidents reported to AutoCheck (http://www.autocheck.com/terms) for this 2008 Acura TL (19UUA66248A046321). AutoCheck receives its accident data from government sources and independent agencies, and based on the information available to us, we have found that no accidents have been reported on this vehicle.



NO ACCIDENT
FOUND ON RECORD

## State Title Brand and Other Problem Check

**Your Vehicle Checks Out:** AutoCheck database for this 2008 Acura TL (19UUA66248A046321) shows no negative titles or other

**Your Vehicle Checks Out:** AutoCheck's database for this 2008 Acura TL (19UUA66248A046321) shows no negative titles or other problems. When reported to AutoCheck (http://www.autocheck.com/terms), these events can indicate serious past damage or other significant problems. Check the Vehicle Use and Event Check for reported accidents that can affect vehicle safety and value.

| 0 Problem(s) Reported: | 15 State Title and Other Problem areas checked: |
|---|---|
| ✅ | No abandoned record |
| ✅ | No damaged or major damage incident record |
| ✅ | No fire damaged record |
| ✅ | No grey market record |
| ✅ | No hail damage record |
| ✅ | No insurance loss or probable total loss record |
| ✅ | No junk or scrapped record |
| ✅ | No manufacturer buyback or lemon record |
| ✅ | No odometer problem record |
| ✅ | No rebuilt or rebuildable record |
| ✅ | No salvage or salvage auction record |
| ✅ | No water damaged record |
| ✅ | No NHTSA crash test record |
| ✅ | No frame or structural damage record |
| ✅ | No recycling facility record |

## Odometer Check

**Your Vehicle Checks Out:** AutoCheck examined the reported odometer readings reported to AutoCheck (19UUA66248A046321) for to determine if reported odometer readings are significantly less than previously reported values. Not all reported odometer readings are used. Title and auction events also report odometer tampering or breakage.

| 0 Problem(s) Reported: | Mileage | Date Reported |
|---|---|---|
| ✅ | 18 | 10/15/2008 |
| ✅ | 22,500 | 10/19/2009 |
| ✅ | 80,276 | 03/24/2017 |
| ✅ | 80,276 | 03/27/2017 |
| ✅ | 80,276 | 04/07/2017 |
| ✅ | 80,277 | 05/11/2017 |

## Vehicle Use and Event Check

**Information Reported:** AutoCheck shows additional vehicle uses or events reported to AutoCheck (http://www.autocheck.com/terms) for this 2008 Acura TL (19UUA66248A046321). This includes reported vehicle uses such as rental or lease, and events such as whether the vehicle has

been reported to have had a loan/lien or a duplicate title issued. Other events show if the vehicle has a reported accident and how many calculated accidents or if it has been reported stolen or repossessed. It is recommended to have pre-owned vehicles inspected by a third party prior to purchase.

| 0 Event(s) Reported: | 6 Vehicle uses checked: |
|---|---|
| ⊘ | No fleet, rental and/or lease use record |
| ⊘ | No taxi use record |
| ⊘ | No police use record |
| ⊘ | No government use record |
| ⊘ | No livery use record |
| ⊘ | No driver education record |

| 1 Event(s) Reported: | 9 Vehicle events checked: |
|---|---|
| ⊘ | No accident record reported through accident data sources |
| ⊘ | No corrected title record |
| ⊘ | No duplicate title record |
| ⊘ | No emission/safety inspection record |
| ⊘ | Loan/Lien record(s) |
| ⊘ | No fire damage incident record |
| ⊘ | No repossessed record |
| ⊘ | No theft record |
| ⊘ | No storm area registration/title record |

## Detailed Vehicle History

Below are the historical events for this vehicle listed in chronological order. Any discrepancies will be in bold text.

Report Run Date June 3, 2017 10:43:05 AM EDT



Vehicle: 2008 Acura TL (19UUA66248A046321)                                    Calculated Owners: 1

| Event date | Location | Odometer reading | Data Source | Details |
|---|---|---|---|---|
| 10/15/2008 | ANNAPOLIS, MD | 18 | Motor Vehicle Dept. | TITLE (Title #:39824109) (Lien Reported) REGISTRATION EVENT/RENEWAL |
| 10/19/2009 | SOUTH RIVER, NJ | 22,500 | Motor Vehicle Dept. | TITLE (Title #:ER200929200000724) (Lien Reported) |
| 10/31/2009 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2011 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |

| Date | Location | Mileage | Source | Event |
|---|---|---|---|---|
| 10/31/2013 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2014 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2015 | SPOTSWOOD, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 03/24/2017 | EASTERN REGION | 80,276 | Auto Auction | REPORTED AT AUTO AUCTION |
| 03/27/2017 | EASTERN REGION | 80,276 | Auto Auction | REPORTED AT AUTO AUCTION AS DEALER VEHICLE (COLOR REPORTED AS BLACK) |
| 04/07/2017 | MESA, AZ | 80,276 | Motor Vehicle Dept. | TITLE (Title #:00K4017097043) |
| 05/11/2017 | PLYMOUTH MEETING, PA | 80,277 | Motor Vehicle Dept. | TITLE (Title #:77504371) |

## This Vehicle's Glossary

Below are the specific definitions for events that appear in this vehicle's report.
More information is available in the full AutoCheck glossary. (https://www.autocheck.com/members/culdesac/freelink_glossary.jsp)

| Term | Section Location | Definition |
|---|---|---|
| Loan/Lien | Vehicle Use and Event Check | A loan/lien is the legal right to take and hold or sell the vehicle of a debtor as security or payment for a debt. Normally, a vehicle will have a lien due to a loan or unpaid repair bill against the vehicle. Check with the seller to ensure that the lien has been satisfied. |

**AutoCheck Terms and Conditions**
This report, and any reliance upon it, is subject to AutoCheck Terms and Conditions . If you obtained the report from a dealer, the dealer has been provided with these Terms & Conditions and can share them with you. These AutoCheck Terms and Conditions are also available at any time at www.autocheck.com/terms or by writing to Experian: Experian Automotive C/O AutoCheck Customer Service 955 American Lane Schaumburg IL 60173

**Buyback Protection Terms and Conditions**
This vehicle (19UUA66248A046321) qualifies for AutoCheck Buyback Protection . If you obtained the report from a dealer, the dealer has been provided with the terms and can share them with you. These Buyback Protection Terms and Conditions are also available to you at any time at www.autocheck.com/bbpterms or by writing to Experian: Experian Automotive C/O AutoCheckCustomer Service 955 American Lane Schaumburg IL 60173

**About AutoCheck**
AutoCheck vehicle history reports by Experian Automotive is the leading vehicle history reporting service. With expert data handling, the Experian Automotive database houses over 4 billion records on a half a billion vehicles. Every AutoCheck vehicle history report will give you confidence when buying or selling your next used vehicle, with superior customer service every step of the way.

**Patent Notice**
Certain aspects of this vehicle history report may be covered by U.S. Patent 8,005,759.

# EXHIBIT 4

William Bensley (C481825)
Philadelphia, PA
Reference Number: LYONS

## CARFAX® Vehicle History Report™
An independent company established in 1986

**Vehicle Information:**
**2008 ACURA TL**
VIN: 19UUA66248A046321
SEDAN 4 DR
3.2L V6 F SOHC 24V
GASOLINE
FRONT WHEEL DRIVE
Standard Equipment | Safety Options

 Accident reported

 2 Previous owners

 19 Service history records

 Personal vehicle

Last owned in Pennsylvania

80,556 Last reported odometer reading



This CARFAX Vehicle History Report is based only on information supplied to CARFAX and available as of 12/11/17 at 10:02:44 AM (EST). Other information about this vehicle, including problems, may not have been reported to CARFAX. Use this report as one important tool, along with a vehicle inspection and test drive, to make a better decision about your next used car.

## CARFAX Ownership History
(The number of owners is estimated)

| | Owner 1 | Owner 2 |
|---|---|---|
| Year purchased | 2008 | 2017 |
| Type of owner | Personal | Personal |
| Estimated length of ownership | 8 yrs. 5 mo. | 6 months |
| Owned in the following states/provinces | See Details | Pennsylvania |
| Estimated miles driven per year | 9,451/yr | — |
| Last reported odometer reading | 80,545 | 80,556 |

## CARFAX Title History
CARFAX guarantees the information in this section

| | Owner 1 | Owner 2 |
|---|---|---|
| Salvage | Junk | Rebuilt | Fire | Flood | Hail | Lemon | Guaranteed No Problem | Guaranteed No Problem |
| Not Actual Mileage | Exceeds Mechanical Limits | Guaranteed No Problem | Guaranteed No Problem |

 **GUARANTEED** - None of these major title problems were reported by a state Department of Motor Vehicles (DMV). If you find that any of these title problems were reported by a DMV and not included in this report, CARFAX will buy this vehicle back. Register | View Terms

## CARFAX Additional History
Not all accident / issues are reported to CARFAX

| | Owner 1 | Owner 2 |
|---|---|---|
| **Total Loss** No total loss reported to CARFAX. | No Issues Reported | No Issues Reported |
| **Structural Damage** No structural damage reported to CARFAX. | No Issues Reported | No Issues Reported |
| **Airbag Deployment** No airbag deployment reported to CARFAX. | No Issues Reported | No Issues Reported |
| **Odometer Check** No indication of an odometer rollback. | No Issues Indicated | No Issues Indicated |
| **Accident / Damage** Accident reported on 03/08/2011. | Accident Reported | No New Issues Reported |

**Manufacturer Recall**

No open recalls reported to CARFAX. Check with an authorized Acura dealer for any open recalls.

| No Recalls Reported | No Recalls Reported |
|---|---|
| ☑ | ☑ |

$vhr.usedCarListingsSection.merge($thisVelocityContext)

## CARFAX Detailed History

**Owner 1**

Purchased: 2008
Type: Personal
Maryland, New Jersey, Arizona, Pennsylvania
Est. miles/year: 9,45/yr
Est. length: 9/30/08
Owned: 7/07/17
Days in use: 5 yrs. 6 mo.

**Low mileage!**
This owner drove less than the industry average of 15,000 miles per year.

| Date: | Mileage: | Source: | Comments: |
|---|---|---|---|
| 09/30/2008 | 18 | Service Plan Co. | Service contract issued |
| 09/30/2008 | | Maryland Motor Vehicle Dept. Annapolis, MD Title #39824109 | Registration issued or renewed Title or registration issued First owner reported Titled or registered as personal vehicle Loan or lien reported |
| 01/05/2009 | 6,856 | Criswell Acura Audi Annapolis, MD 443-482-3200 criswellonline.com | Oil and filter changed Fuel filter replaced Tire(s) balanced Tires rotated |
| 04/30/2009 | | Criswell Acura Audi Annapolis, MD 443-482-3200 criswellonline.com | Maintenance inspection completed Tire(s) balanced Vehicle washed/detailed Oil and filter changed Tires rotated Drain plug gasket replaced |
| 07/30/2009 | 20,676 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Wiper(s) replaced Oil and filter changed Tire condition and pressure checked Tires rotated |
| 10/19/2009 | 22,500 | New Jersey Motor Vehicle Dept. South River, NJ Title #ER20092920724 | Title issued or updated Registration issued or renewed Loan or lien reported Registration updated when owner moved the vehicle to a new location |
| 12/30/2009 | 25,195 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Recommended maintenance performed Maintenance inspection completed Oil and filter changed Tires rotated Drain plug gasket replaced Air filter replaced Cabin air filter replaced/cleaned |
| 05/05/2010 | 29,035 | SRG Automotive Repair East Brunswick, NJ 732-254-1116 | Maintenance inspection completed Emissions or safety inspection performed |
| 05/21/2010 | 29,474 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Oil and filter changed Tire condition and pressure checked Tires rotated Vehicle washed/detailed |
| 12/07/2010 | 33,240 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Recommended maintenance performed Vehicle washed/detailed Oil and filter changed Tires rotated Drain plug gasket replaced |
| 03/08/2011 | | New Jersey Damage Report | Accident reported |
| 05/25/2011 | | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Vehicle washed/detailed Airbag system checked Battery replaced |
| 06/28/2011 | | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Battery/charging system checked Oil and filter changed Tires rotated Vehicle washed/detailed |

| Date | Mileage | Dealer | Service |
|---|---|---|---|
| 03/14/2012 | 39,806 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Recommended maintenance performed Vehicle washed/detailed Oil and filter changed Tires rotated Drain plug gasket replaced Power steering fluid flushed/changed Transmission fluid changed Brakes replaced Power steering checked |
| 08/06/2012 | 42,047 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Vehicle washed/detailed |
| 12/07/2012 | 43,669 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Recommended maintenance performed Fluids checked Oil and filter changed Vehicle washed/detailed Tires rotated |
| 06/26/2013 | 47,219 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Recommended maintenance performed Antifreeze/coolant flushed/changed Brakes checked Brake fluid flushed/changed Drive belt(s) replaced Vehicle washed/detailed Fluids checked Oil and filter changed Rear brakes serviced/adjusted Drive belts checked |
| 10/30/2013 | | New Jersey Motor Vehicle Dept. South River, NJ | Registration issued or renewed |
| 01/15/2014 | 51,905 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Air filter replaced Cabin air filter replaced/cleaned Vehicle washed/detailed Fluids checked Oil and filter changed Tires rotated |
| 04/08/2014 | 52,933 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Vehicle washed/detailed Drive belt(s) replaced Drive belts checked Electrical system checked |
| 07/31/2014 | 55,080 | Open Road Acura of East Brunswick East Brunswick, NJ 732-238-3030 openroadacuraofeastb runswick.com | Maintenance inspection completed Vehicle washed/detailed Oil and filter changed |
| 02/21/2015 | 59,911 | Bill Vince's Bridgewater Acura Bridgewater, NJ 908-704-0300 bridgewateracura.com | Recommended maintenance performed Oil and filter changed Tire condition and pressure checked Tires rotated Lights checked Cabin air filter replaced/cleaned Air filter replaced Rear brakes replaced |
| 06/30/2015 | | New Jersey Motor Vehicle Dept. Spotswood, NJ | Registration issued or renewed Registration updated when owner moved the vehicle to a new location |
| 07/31/2015 | | New Jersey Motor Vehicle Dept. Spotswood, NJ | Registration issued or renewed |
| 08/11/2015 | 64,125 | Bill Vince's Bridgewater Acura Bridgewater, NJ 908-704-0300 bridgewateracura.com | Timing belt replaced |
| 02/02/2016 | 68,865 | Open Road Acura of East Brunswick East Brunswick, NJ | Maintenance inspection completed 5,000 mile service performed Transmission fluid changed |

| | | | | |
|---|---|---|---|---|
| | | 732-238-3030<br>openroadacuraofeastb<br>runswick.com | | Oil and filter changed<br>Maintenance reminder reset<br>Tire condition and pressure checked<br>Tires rotated<br>Brakes serviced<br>Wiper(s) replaced<br>Vehicle washed/detailed |
| | 08/20/2016 | | New Jersey<br>Motor Vehicle Dept.<br>Spotswood, NJ | Registration issued or renewed |
| | 03/27/2017 | 80,276 | Auto Auction<br>Eastern Region | Listed as a dealer vehicle<br>Vehicle sold at auction |



Millions of used vehicles are bought and sold at auction every year.

| | | | | |
|---|---|---|---|---|
| | 04/07/2017 | | Arizona<br>Motor Vehicle Dept.<br>Mesa, AZ<br>Title #00K4017097043 | Title issued or updated<br>Dealer took title of this vehicle<br>while it was in inventory |
| | 05/11/2017 | 80,277 | Pennsylvania<br>Motor Vehicle Dept.<br>Plymouth Meeting, PA<br>Title #7750437101 DR | Title issued or updated<br>Dealer took title of this vehicle<br>while it was in inventory |
| | 05/23/2017 | 80,545 | Inspection Station | Passed emissions inspection |

| Owner 2: | | Date: | Mileage: | Source: | Comments: |
|---|---|---|---|---|---|
| Purchased:<br>Type:<br>Where:<br>Est. length owned: | 2017<br>Personal<br>Pennsylvania<br>6/2017 -<br>present<br>(6 months) | 06/03/2017 | 80,556 | Pennsylvania<br>Motor Vehicle Dept. | Vehicle purchase reported |
| | | 06/13/2017 | | Pennsylvania<br>Motor Vehicle Dept.<br>Norristown, PA<br>Title #7750437102 LY | Title issued or updated<br>New owner reported |

Have Questions? Consumers, please visit our Help Center at www.carfax.com. Dealers or Subscribers, please visit our Help Center at www.carfaxonline.com.

## CARFAX Glossary

### Accident / Damage Indicator
CARFAX receives information about accidents and other damage in all 50 states, the District of Columbia and Canada. Different information in a vehicle's history can indicate an accident or damage, such as: salvage auction, fire damage, police-reported accident, crash test vehicle, damage disclosure, collision repair facility and automotive recycler records.

Not all damage is caused by an accident. Some damage could be caused by events such as vandalism, hail, water or fire. Not every accident or damage event is reported and not all reported are provided to CARFAX. Details about the accident or damage event when reported to CARFAX (e.g. severity, impact location, airbag deployment) are included on the Vehicle History Report. CARFAX recommends you obtain a vehicle inspection from your dealer or an independent mechanic.

- According to the National Safety Council, Injury Facts, 2015 edition, 8% of the 254 million registered vehicles in the U.S. were involved in an accident in 2013. Over 74% of these were considered minor or moderate.
- CARFAX depends on many sources for its accident / damage data. CARFAX can only report what is in our database on 12/11/17 at 10:02:44 AM (EST). New data will result in a change to this report.

### New Jersey Damage Reports:
- Do not include an assessment of damage severity
- Are required if the estimated damage exceeds $500

### First Owner
When the first owner(s) obtains a title from a Department of Motor Vehicles as proof of ownership.

### New Owner Reported
When a vehicle is sold to a new owner, the Title must be transferred to the new owner(s) at a Department of Motor Vehicles.

### Ownership History
CARFAX defines an owner as an individual or business that possesses and uses a vehicle. Not all title transactions represent changes in ownership. To provide estimated number of owners, CARFAX proprietary technology analyzes all the events in a vehicle history. Estimated ownership is available for vehicles manufactured after 1991 and titled solely in the US including Puerto Rico. Dealers sometimes opt to take ownership of a vehicle and are required to in the following states: Maine, Massachusetts, New Jersey, Ohio, Oklahoma, Pennsylvania and South Dakota. Please consider this as you review a vehicle's estimated ownership history.

**Title Issued**
A state issues a title to provide a vehicle owner with proof of ownership. Each title has a unique number. Each title or registration record on a CARFAX report does not necessarily indicate a change in ownership. In Canada, a registration and bill of sale are used as proof of ownership.

**Follow Us:**   facebook.com/CARFAX    @CarfaxReports    CARFAX on Google+

CARFAX DEPENDS ON ITS SOURCES FOR THE ACCURACY AND RELIABILITY OF ITS INFORMATION. THEREFORE, NO RESPONSIBILITY IS ASSUMED BY CARFAX OR ITS AGENTS FOR ERRORS OR OMISSIONS IN THIS REPORT. CARFAX FURTHER EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. CARFAX®
© 2017 CARFAX, Inc., a unit of IHS Inc. All rights reserved.
Covered by United States Patent Nos. 7,113,853; 7,778,841; 7,596,512, 8,600,823; 8,595,079; 8,606,648; 7,505,838.
12/11/17 10:02:44 AM (EST)

# EXHIBIT 5

# WCBensley

| | |
|---|---|
| **From:** | WCBensley |
| **Sent:** | Wednesday, June 27, 2018 3:02 PM |
| **To:** | 'Laura Reddon' |
| **Subject:** | RE: Re.: Joyce Lyons / 158000267201 |

Hi Ms. Reddon,
Thx for the email and your vm. Are you sending the acquisition, inspection and service records as well. What's the ETA?
Thx.
Bill

- The greatest compliment you can give us is the referral of a friend or loved one -

- PERSONAL INJURY - CONSUMER PROTECTION -

William C. Bensley, Esquire
BENSLEY LAW OFFICES, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Mobile: 267-250-4383
Office: 267-322-4000
Fax: 267-299-8079
Email: wcbensley@bensleylawoffices.com
Website: www.bensleylawoffices.com

."I think the first duty of society is justice." Alexander Hamilton

CONFIDENTIALITY NOTICE: This message contains confidential information intended solely for the use of those to whom/which it is addressed. It may also contain information subject to the attorney-client privilege, or other privileges or immunities. No waiver of any of these privileges or immunities is intended. If the reader is not an intended recipient, then the reader is notified that any review, copying, distribution or use of this message or its contents, strictly is prohibitted. If the reader received this message in error, then the reader is asked to notify us immediately, to destroy all hard copies and to delete all electronic copies.

**From:** Laura Reddon <Laura.reddon@silverrockinc.com>
**Sent:** Friday, June 22, 2018 3:50 PM
**To:** WCBensley <WCBensley@bensleylawoffices.com>
**Subject:** Re.: Joyce Lyons / 158000267201
**Importance:** High

Hello Mr. William Bensley,

Per your request for review, please see the attached supporting documents for Ms. Joyce Lyons.

As DriveTime provides an Experian AutoCheck Report at the time of sale, I have also included this for your review.

Should you have any questions or are in need of additional documentation, please feel free to reach out to me directly at the numbers provided below.

# BENSLEY LAW OFFICES, LLC

William C. Bensley, Esquire
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Cell: 267-250-4383
Office: 267-322-4000
Fax: 267-299-8079
Email: wcbensley@bensleylawoffices.com
Website: www.bensleylawoffices.com

June 20, 2018

**VIA CERTIFIED MAIL/RETURN RECEIPT
REQUESTED AND TELEFAX**

DriveTime CarSales Co.      Bridgestreet Acceptance Corp.
1425 E. Ridge Pike          c/o DriveTime CarSales Co.
Plymouth Meeting, PA 19462    1425 E. Ridge Pike
                           Plymouth Meeting, PA 19462

      Re:    Joyce Lyons
             2008 Acura (VIN: 19UUA66248A046321)

Dear Sirs or Madam:

      Kindly be advised that I represent Ms. Joyce Lyons in connection with several consumer fraud and statutory and regulatory violation claims related to her purchase of the above-referenced vehicle. Kindly attempt no further contact with Ms. Lyons. All future communications must go through me.

      DriveTime, the seller and original creditor, misrepresented the subject vehicle's its history, condition and value. More specifically, DriveTime, misrepresented that the vehicle had been carefully inspected and had never been in any accidents or damaged. The Pennsylvania Automotive Industry Trade Practices (AITP) require that sellers provide a short, written description of a vehicle's prior use. A violation of the AITP is an automatic violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL).

      The subject RISC was sold and assigned to BAC. Pursuant to the RISC, State common law of assignments, and Statutory law, BAC "stepped into the same shoes" as the dealer, and became derivatively, jointly, severally liable for all of dealer's possible misconduct. Peoples Pittsburgh Trust Company v. Commonwealth, 559 Pa. 622, 60 A.2d (1948)(emphasis added); See also, Southall v. Humbert, 685 A.2d 574 (Pa.Super. 1996); Etter v. Industrial Valley Bank and Trust Company, 515 A.2d 6 (Pa.Super. 1986); 69 P.S. § 615 (F) (no RISC may contain any limitation of assignee liability).

      The FTC and Pennsylvania Courts have recognized that the rationale underlying the FTC holder rule – and assignee liability generally under these circumstances – is to "'reallocat[e] the costs of seller misconduct in the consumer market' by 'compel[ling]

* Page 2 June 20, 2018

creditors to either absorb seller misconduct costs or return them to sellers.'" _Beemus v. Interstate National Dealer Services, Inc._, 823 A.2d 979, 985 (Pa.Super. 2003) citing Preservation of Consumer's Claims and Defenses, 40 Fed.Reg. 53,506, 53,523 (November 18, 1975).

BAC is not entitled to protection as a so-called _Holder in Due Course_:

> Since it must be clear from the record that the Finance Company was aware it was financing the purchase of a motor vehicle, it could not contend it was a holder in due course.

_Casey v. Philadelphia Auto Sales Co._, 428 Pa. 155, 236 A.2d 800 (1968) citing 69 P.S. § 615(F)&(G).

Your companies or must be licensed pursuant to 12 Pa.C.S.A. § 6211. Pursuant to 12 Pa.C.S.A. § 6204, licensees must maintain satisfactory records to determine that the business is being operated in accordance with the MVSFA and may not falsify any records. If BAC does not acknowledge its derivative liability it will violate 12 P.S. §§ 6221-6225 and6228. If BAC does not acknowledge its derivative liability and my client's other rights it will violate 12 Pa.C.S.A. § 6218 by engaging in unfair, deceptive, fraudulent or illegal practices or conduct in connection with any business regulated under the MVSFA.

My client hereby rescinds, rejects, cancels and revokes said RISC. My client hereby excercises her right under 13 Pa.C.S.A. § 2711 to retain possession of the subject vehicle as a security interest against the amounts owed to her. I also refer you to 13 Pa.C.S.A. § 9601, which sets forth clearly that a secured party's rights -- including to repossess and resell -- is triggered by default. 13 Pa.C.S.A. § 9616(a). Because the subject RISC was originated through fraud, it is unenforceable and therefore there can be no default.

You are hereby advised and warned not to report any adverse information to any Credit Reporting Agency (CRA). You are hereby advised and warned not to make any attempt to take the vehicle from Ms. Lyons. Any such attempt will be reported to the police and charges will be filed and pursued.

At your earliest convenience, kindly forward to my office all records related to the subject vehicle and transaction, including all purchase, inspection, "repossession," service and sale records. Do not destroy or alter any records, in whatever form, related to the subject consumer, account, transaction, and/or vehicle.

Thank you for your courtesies. Please call with any questions.

Very truly yours,

William C. Bensley

WCB/

# EXHIBIT 6

**WCBensley**

From:           Laura Reddon <Laura.reddon@silverrockinc.com>
Sent:           Thursday, July 5, 2018 7:08 PM
To:             WCBensley
Subject:        Re.: Joyce Lyons / 158000267201
Attachments:    ATTORNEY RESPONSE .pdf

Hello Mr. Bensley,

Please see the attached response in regards to Ms. Joyce Lyons.

Should you or Ms. Lyons have any additional questions or concerns, please feel free to reach out.

Sincerely,

**Laura R.**
Customer Relations
Toll Free: (800) 965-8043
Fax: (866) 284-8390
**DriveTime**

**From:** WCBensley [mailto:WCBensley@bensleylawoffices.com]
**Sent:** Wednesday, June 27, 2018 12:02 PM
**To:** Laura Reddon <Laura.reddon@silverrockinc.com>
**Subject:** RE: Re.: Joyce Lyons / 158000267201

Hi Ms. Reddon,
Thx for the email and your vm. Are you sending the acquisition, inspection and service records as well. What's the ETA?
Thx.
Bill

- The greatest compliment you can give us is the referral of a friend or loved one -

- PERSONAL INJURY - CONSUMER PROTECTION -

William C. Bensley, Esquire
BENSLEY LAW OFFICES, LLC
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
Mobile: 267-250-4383
Office: 267-322-4000
Fax: 267-299-8079
Email: wcbensley@bensleylawoffices.com
Website: www.bensleylawoffices.com

"I think the first duty of society is justice." Alexander Hamilton

CONFIDENTIALITY NOTICE: This message contains confidential information intended solely for the use of those to whom/which it is addressed. It may also contain information subject to the attorney-client privilege, or other privileges or immunities. No waiver of any of these privileges or immunities is intended. If the reader is not an intended recipient, then the reader is notified that any review, copying, distribution or use of this message or its contents, strictly is prohibitted. If the reader received this message in error, then the reader is asked to notify us immediately, to destroy all hard copies and to delete all electronic copies.

**From:** Laura Reddon <Laura.reddon@silverrockinc.com>
**Sent:** Friday, June 22, 2018 3:50 PM
**To:** WCBensley <WCBensley@bensleylawoffices.com>
**Subject:** Re.: Joyce Lyons / 158000267201
**Importance:** High

Hello Mr. William Bensley,

Per your request for review, please see the attached supporting documents for Ms. Joyce Lyons.

As DriveTime provides an Experian AutoCheck Report at the time of sale, I have also included this for your review.

Should you have any questions or are in need of additional documentation, please feel free to reach out to me directly at the numbers provided below.

Sincerely,

**Laura R.**
Customer Relations
Toll Free: (800) 965-8043
Direct: (480) 632-3008
Fax: (866) 284-8390

 **DriveTime**

This email message and any attachments contain information which may be privileged and confidential. If you are not the intended recipient or have received this transmission in error, please notify the sender immediately and destroy all electronic and hard copies of the communication, including attachments. Any disclosure, copying, distribution or use of this information is strictly prohibited. Please consider the environment before printing this e-mail.
This email message and any attachments contain information which may be privileged and confidential. If you are not the intended recipient or have received this transmission in error, please notify the sender immediately and destroy all electronic and hard copies of the communication, including attachments. Any disclosure, copying, distribution or use of this information is strictly prohibited. Please consider the environment before printing this e-mail.



July 5, 2018

William C. Bensley, Esquire
1500 Walnut Street, Suite 900
Philadelphia, PA 19102

Re.: Joyce Lyons / 158000267201

Dear Mr. Bensley,

Thank you for bringing this matter to our attention. We appreciate the opportunity to address Ms. Joyce Lyons' concerns. In regards to your request for additional supporting documentation, we are unable to send your office any internal records. Should your office or Ms. Lyons need any vehicle service records, Ms. Lyons would be responsible for reaching out to any repair facility that she has visited to obtain that information. All pre-sale inspection documentation is considered proprietary and we are unable to provide this information per your request. Please see below for a summary regarding her account.

On June 3, 2017, our customer entered into a Simple Interest Retail Installment Contract (Contract) when she purchased a 2008 Acura from DriveTime. The Contract was assigned to Bridgecrest Acceptance Corporation. The vehicle came with a 30 day/1,500 mile DriveTime Limited Warranty, administered by SilverRock. Ms. Lyons purchased an additional 5 year/50,000 mile Vehicle Service Contract (VSC), also administered by SilverRock.

DriveTime vehicles are inspected prior to sale at our DriveTime inspection centers. Parts that fail inspection are replaced. However, if a part is functioning at the time of inspection, there is no need to replace it. Page one of the Vehicle Delivery Checklist, under Important Reminder, it states:

> *"Our focus of the multi-point inspection is primarily the safety and reliability of your vehicle...Please ensure you are comfortable with the condition of the vehicle prior to purchasing."*

At the time of sale, Ms. Lyons was provided with an Experian AutoCheck Vehicle History Report, as a courtesy. The Experian AutoCheck Vehicle History Report may provide information on any prior accident records, being a rental or government vehicle, registered in a storm area, and/or any theft records. There may be missing or non-reported items that Experian is not able to capture on the vehicle history report. We have confirmed neither the Experian report received at the time of sale nor the current report reflect any accident records.

To date, Ms. Lyons has not had any mechanical repair claims initiated with SilverRock. On October 20, 2017, she contacted SilverRock stating that one of the vehicle's windows would not stay rolled up. SilverRock explained that this concern is not a covered system per the terms of her VSC and informed her of the VSC coverage. She expressed frustration with this information and

# DriveTime™

this call was concluded. Should Ms. Lyons currently be experiencing mechanical concerns, we encourage her to obtain a current estimate of repairs for review for possible repair assistance.

At this time, DriveTime is unable to offer Ms. Lyons the option to return her vehicle and rescind her Contract without the possibility of negative repercussions. Should she opt to voluntarily surrender her vehicle, she will remain responsible for the remaining deficiency balance. Once the vehicle is sold at auction the proceeds will be allocated towards the remaining balance owed, lowering the final amount she will be responsible for. As an alternative option to aid in ending the contract early, we encourage Ms. Lyons to explore options of refinancing her vehicle or make additional principal only payments to lower her principle balance to potentially shorten the term of the loan.

DriveTime would like to thank Bensley Law Offices, LLC for the opportunity to review this matter and address Ms. Lyons' concerns. Should you or Ms. Lyons have any questions or concerns, please feel free to reach out to our Customer Relations department directly at 800-965-8043.

Sincerely,
Laura R.
Customer Relations

## WCBensley

| | |
|---|---|
| **From:** | Laura Reddon <Laura.reddon@silverrockinc.com> |
| **Sent:** | Friday, June 22, 2018 3:50 PM |
| **To:** | WCBensley |
| **Subject:** | Re.: Joyce Lyons / 158000267201 |
| **Attachments:** | CONTRACT.PDF; PURCHASE AGREEMENT.PDF; EXPERIAN AT PURCHASE .pdf; CURRENT EXPERIAN.PDF; EXPERIAN ACKNOWLEDGMENT.PDF |
| | |
| **Importance:** | High |

Hello Mr. William Bensley,

Per your request for review, please see the attached supporting documents for Ms. Joyce Lyons.

As DriveTime provides an Experian AutoCheck Report at the time of sale, I have also included this for your review.

Should you have any questions or are in need of additional documentation, please feel free to reach out to me directly at the numbers provided below.

Sincerely,

**Laura R.**
Customer Relations
Toll Free: (800) 965-8043
Direct: (480) 632-3008
Fax: (866) 284-8390
**◎ DriveTime**

This email message and any attachments contain information which may be privileged and confidential. If you are not the intended recipient or have received this transmission in error, please notify the sender immediately and destroy all electronic and hard copies of the communication, including attachments. Any disclosure, copying, distribution or use of this information is strictly prohibited. Please consider the environment before printing this e-mail.

# SIMPLE INTEREST RETAIL INSTALLMENT CONTRACT    REPRINT DATE: 6/3/2017    SALES DATE: 06/03/2017

| Buyer (and Co-Buyer) Name and Address | Dealer/Creditor Name and Address |
|---|---|
| Joyce Lyons<br><br>33 W Main St Apt 1<br><br>Norristown, PA 19401-4718 | DRIVETIME CARSALES COMPANY, LLC  DBA: DRIVETIME<br>PLYMOUTH MEETING<br>1425 E Ridge Pike<br>PLYMOUTH MEETING, PA 19462-0000<br>6103822100<br>158000267201 |

You, the Buyer (and Co-Buyer, if any) shown above, agree to buy the motor vehicle described below (the "Vehicle") on credit subject to the terms and conditions of this contract and security agreement (the "Contract"). By signing below, you represent that you have been quoted only one cash price for the Vehicle. "We", "us" and "our" refer to the Dealer shown above and any person to which we may transfer or assign the Contract.

| New/Used | Model Year and Make | Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2008 Acura | TL | 19UUA66248A046321 | [X] Personal  [ ] Agricultural<br>[ ] Business |

| Trade-In: | Year | Make | Model |
|---|---|---|---|

## FEDERAL TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 800.00 |
|---|---|---|---|---|
| 17.885 % | $ 13,422.85 | $ 21,505.63 | $ 34,928.48 | $ 35,728.48 |

### Payment Schedule

| Number of Payments | Amount of Each Payment | When Payments Are Due |
|---|---|---|
| 151 | $229.80 | BiWeekly beginning 07/01/2017 |
| 1 | $228.68 | Ending 04/15/2023 |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.

**Late Payment:** You must pay a late charge on the part of each payment not made within 10 days after the date the payment is due. The charge is 2% per month of the delinquent amount.

**Security Interest:** You are giving a security interest in the Vehicle being purchased. Please read this Contract for additional information on security interests, non-payment, default, and our right to require repayment of your debt in full before the scheduled maturity date.

## INSURANCE

YOU MAY OBTAIN INSURANCE ON THE VEHICLE FROM A PERSON OF YOUR CHOICE THAT IS AUTHORIZED TO SELL SUCH INSURANCE AND IS ACCEPTABLE TO US.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

## NOTICES REQUIRED BY FEDERAL LAW

Used motor vehicle Buyers Guide. If you are buying a used vehicle with this Contract, federal regulations may require a special Buyers Guide to be displayed on the window of the Vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF THE SALE.

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

## ITEMIZATION OF AMOUNT FINANCED

| | | | |
|---|---|---|---|
| 1 | Purchase Price (Including sales tax of $1,149.00 any accessories, their installation, and taxes) | $16,744.00 | (1) |
| 2 | Down Payment | | |
| | (2a) Cash Down Payment | $800.00 | (2a) |
| | (2b) Trade-In Allowance | $0.00 | (2b) |
| | (2c) Trade-In Payoff | $0.00 | (2c) |
| | Payoff To: _____ | | |
| | (2d) Net Trade-In (Description Page 1) (2b minus 2c) | $0.00 | (2d) |
| | Total Down Payment (2a plus 2d) | $800.00 | (2) |
| 3 | Unpaid Balance of Purchase Price (1 minus 2) | $15,944.00 | (3) |
| 4 | Amounts Paid to Others on Your Behalf | | |
| | (a) To Public Officials | | |
| | License, title & registration fees | $16.43 | |
| | License, title & registration fees | $102.20 | |
| | Filing fees | $24.00 | |
| | *(b) Other Charges: | | |
| | *To: DriveTime For Documentary Preparation Charge | $134.00 | |
| | **To: DriveTime For MotionGPS (3 yrs) plus | $695.00 | |
| | *To: DriveTime For SilverRock DriveCare Powertrain | $3,555.00 | |
| | *To: DriveTime For SilverRock GAP Coverage | $1,035.00 | |
| | Total Amounts Paid to Others on Your Behalf (a plus b) | $5,561.63 | (4) |
| | ** Dealer may retain or receive a portion of these amounts paid to others, except those fees paid to public officials. | | |
| 5 | Balance of Purchase Price and Other Charges (3 plus 4) | $21,505.63 | (5) |
| 6 | Amount Financed | $21,505.63 | (6) |

**Promise to Pay and Payment Terms:** You promise to pay us the Amount Financed, plus Finance Charges accruing on the unpaid balance at the rate of **17.885%** per year (the "Contract Rate") from today's date until paid in full. Finance charges accrue on a daily simple interest basis. As outlined above in the Truth In Lending Disclosures you agree to pay this Contract according to the payment schedule by paying the amount stated in the Total of Payments box, or a greater amount. You also agree to pay the late charge shown above and any additional amounts according to the terms and conditions of this Contract.

**General Terms; Payments:** You have been given the opportunity to purchase the Vehicle and any other products and services identified in this Contract for the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any other products or services plus Finance Charges if you buy them over time. You agreed to purchase the items over time. The Total Sale Price in the TRUTH IN LENDING DISCLOSURES assumes that you will make all payments as scheduled. The actual amount you will pay may be more or less depending on your payment record.

**Prepayment:** You may prepay this Contract at any time without penalty. Any partial prepayment will not excuse any later scheduled payments. You may obtain from us or our assignee or the insurance company named in your policy or certificate of insurance a refund of any prepaid, unearned insurance premiums.

**Security Interest:** To secure your obligations, you give us a "first priority" security interest in the Vehicle, all accessions, attachments, accessories and equipment placed in or on the Vehicle and all proceeds of the Vehicle. You also agree to give us a security interest in all money or goods received for the Vehicle and all insurance premiums, service and other contracts we finance. The security interest secures payment of all amounts you owe in this Contract and performance of your other agreements in this Contract. The security interest secures security interest is a security interest before any other party's lien, claim, interest or right in or to the Vehicle. You will not grant anyone else a security interest, lien or any other claim to the Vehicle without our express prior written consent. We reserve our right to setoff insurance proceeds or excess amounts of estimated official fees and taxes that we may receive against the principal amount of what you owe us under the Contract to the extent not prohibited by applicable law.

**Finance Charges:** This is a simple interest Contract. The finance charges you pay will depend on how you make your payments. Your actual finance charges may be more than the disclosed Finance Charges if you make your payments late or in less than the scheduled amount. We will apply payments to late charges, finance charges and to the unpaid balance of the Contract in any manner we choose unless we are required by law to apply payments in a particular order. Finance charges are earned by applying the Contract Rate to the unpaid balance of the Contract for the time such balance is owed, subject to the finance charge free period, if any, described on the first page of this Contract.

**Use of Vehicle:** You must take care of the Vehicle. You must obey all laws in using it. You must keep the Vehicle in your possession at the Buyer's address shown above, unless we approve another address in writing. You may not sell or transfer any rights in the Vehicle without our prior written consent. You must keep it free from the claims of others. You will not take it out of the United States without our prior written consent. You will immediately tell us of any change in your address or the address where the Vehicle is regularly kept. You agree not to add to the Vehicle any accessories, equipment or any other property in which any other person has an ownership or security interest.

**Warranties Seller Disclaims:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose. This provision does not affect any warranties covering the vehicle or parts thereof that the Vehicle manufacturer or parts supplier may provide. Only the manufacturer or supplier shall be liable for performance under their warranties.

**Vehicle Insurance:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name. You must maintain comprehensive fire, theft and collision coverage, insuring the Vehicle in an amount acceptable to us, name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance that you obtain. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. If you do not maintain the required insurance, we may buy substantially similar coverage at your expense. We may add the cost of such insurance to your obligations due under this Contract and/or collect those costs separately from you. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Contract Rate, if we elect to apply a finance charge. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. Insurance we buy may cost substantially more than insurance you buy. We will cancel the insurance we buy if you give us satisfactory proof of insurance reasonably acceptable to us. Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed.

You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Returned Check Charge:** If you make any payment required by this Contract with a check that is returned or dishonored you agree to pay a charge equal to $15.00. If the fee is not paid when due, we may add this fee to the unpaid balance of this Contract.

**Default:** You will be in default if any one of the following occurs (except as may be prohibited by law):
1. You fail to make any payment due under this Contract, including any down payment, in full when such payment is due.
2. We are unable to obtain a first priority security interest in the Vehicle.
3. You give another person a security interest in the Vehicle without our consent.
4. You fail to obtain or maintain insurance on the Vehicle as required by this Contract.
5. You gave us false or misleading information on your application relating to this Contract, if we cannot verify any information that you have provided us, if any information you provided to us is false, if we discover a material adverse change in such information during the review process, or if you do not cooperate in the verification and review process described below.
6. You fail to keep any other agreement or promise you made in this Contract.
7. You die, become incompetent, and generally fail to pay your debts when they become due or if you file a bankruptcy petition or if one is filed against you.
8. The Vehicle is lost, damaged beyond repair, or destroyed or any other event occurs that causes us to believe that our prospects for payment or realization upon the Vehicle are impaired.

We may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract (the entire unpaid balance) if you (i) fail to make any payment under this Contract when due, (ii) fail to pay any taxes owed on the Vehicle, (iii) fail to furnish proof of payment of taxes owed on the Vehicle (iv) use the Vehicle for illegal purposes; (v) file for bankruptcy; (vi) you default in the payment of a cross-collateralized obligation; or (vii) you intentionally provide fraudulent and misleading information on a credit application. If as a consequence of your default we require that you pay the entire unpaid balance, we will charge you interest at the Contract Rate on the entire unpaid balance from the date of our notice to you demanding payment of the entire unpaid balance. Additionally, we may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If, after providing you with notice of our intent to dispose of such personal property as required by law and after allowing you time to claim the property as required by applicable law you do not claim your personal property, we will dispose of the personal property in a commercially reasonable manner.

We may cancel any insurance or other products or services you have purchased in this Contract and apply any refunds we receive to the amount you owe. You agree to pay for the costs of a lawsuit and our reasonable attorney's fees if we take the Property through legal action. At the time we take the Property, you must pay the expenses for taking, repairing, and storing the Property as allowed by law. We may only collect expenses from you if more than 15 days passed from the day you broke the terms of this Contract to the day we took the Property.

If we take back the Vehicle, we will sell it unless you exercise any right to cure, reinstate the Contract or redeem the Vehicle that you may have under state law. The sale proceeds, less the actual amounts we pay for retaking, holding, preparing for disposition, processing and disposing of the Vehicle, and less our attorneys' fees and legal costs to the extent such costs, fees and expenses are permitted by applicable law, will be used to pay the amount you owe on this Contract. Any money left will be paid to you unless the law requires that we pay it to someone else. If the sale proceeds are not enough to pay off this Contract and costs, and we have complied with the applicable notice requirements, you will be obligated to pay us what is still owed (the deficiency).

We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). You also expressly waive demand for payment, notice of non-payment, presentment, notice of dishonor, protest, notice of protest, notice of intent to accelerate and notice of acceleration.

...orporation and this true original document is owned by Bridgecrest Acceptance Corporation. This copy was created on Jun 05, 2017 06:22:10 AM.

**Assignment:** You may not assign your rights under this Contract without our permission.

**General:** Any change in this Contract must be written and signed by you and us. The law of the state of the Dealer's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

Any provision that appoints us as an agent is not subject to the provisions of 20 Pa. Con. Stat. Section 5601 *et seq.* (Chapter 56; Decedents, Estates and Fiduciaries Code). We, by exercising any of our rights under this Contract, do so for the sole benefit of us.

**After-Sale Review and Verification Process:** The Vehicle sold to you is subject to an after-sale review and verification of the information we have provided to us. You have agreed to cooperate with the after-sale review and verification process.

**Limitation on Damages:** Unless prohibited by law, you shall not be entitled to recover from us any consequential, incidental or punitive damages, damages to property or damages for loss of use, loss of time, loss of profits, or income or any other similar damages. We are not liable for any failure or delay in delivering the Vehicle to you if it is beyond our control, not our fault or we are not negligent.

**References/Credit Reports:** We may contact your employer or your references to verify the information you provided to us in your application or in connection with this Contract. We may also contact your employer or your references if we are unable to locate you. The servicer of this Contract may also do so. Federal or state law may limit these contacts. You also consent to us or a servicer, obtaining a credit report(s) in connection with the servicing of the Contract.

**Odometer (mileage):** Each of your and our representations regarding odometer readings are subject to information provided by others, including government agencies. We each understand that this information is not always accurate. As permitted by applicable law, neither of us is responsible for any inaccuracies in this information to the extent it is not the party's fault.

**Disclosure on Airbags:** We disclaim any knowledge of and make no representation or warranty as to the condition or operability of the airbag(s) on the Vehicle unless otherwise disclosed to you on the AutoCheck Vehicle History Report. You acknowledge that we have not made any representations, oral or in writing, as to the condition or operability of the airbag(s), and you accept the Vehicle without representation or warranty from us. You further acknowledge that you had the opportunity to have the airbag(s) checked by someone of your choice prior to the completion of the sale.

**Liability Insurance Required:** You understand that state law requires you to purchase and maintain liability insurance. We do not provide liability insurance for you and it is not included in your Contract. You are not required as a condition of financing the purchase of the Vehicle to purchase or negotiate any insurance through a particular insurance company, agent or broker. Your choice of insurance providers will not affect our decision to sell you the Vehicle or extend credit to you.

**Record Retention:** You agree that we may maintain documents and records related to the Vehicle and the Contract electronically, including, but not limited to, documents and record images, and that we may dispose of original documents. You agree that a copy of any such electronic records may be used and shall be deemed to be the same as an original in any arbitration, judicial, or non-judicial or regulatory proceeding relating to the Vehicle.

**Statement of Account:** You have the right to request and receive a completed and detailed statement of account as provided for in Pa. Cons. Stat. tit. 12 § 6230(a). You can request the statement of account any time after execution of this Contract and within 1 year after the termination of this Contract. We will provide you one statement without charge. For additional statements, we will assess a reasonable fee not to exceed the cost of production.

**Assignment of Dealer:** For value received, Dealer hereby transfers to BRIDGECREST ACCEPTANCE CORPORATION ("Assignee") all of its right, title, and interest in the Contract and the Vehicle. This transfer and assignment is made pursuant to and is subject to any Agreement between Dealer and Assignee by which Assignee has agreed to accept the transfer and assignment of contracts from Dealer.

**Arbitration Agreement:** The arbitration agreement entered into between you and Dealer is incorporated by reference into and is a part of this Contract.

If you encounter a problem, you may have additional rights under the Unfair Trade Practices and Consumer Protection Law, which is enforced by the Pennsylvania Office of Attorney General, Bureau of Consumer Protection.

**Vehicle Service Contract & Optional Products Disclosure:** Any Vehicle Service Contract you entered into between you and Dealer is incorporated by reference into and is a part of this Contract. The Optional Products Disclosure you signed is incorporated by reference into and is a part of this Contract.

**Communication Consent:** You agree that we may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You agree that we may call you, using an automatic telephone dialing system or otherwise, leave you a voice, prerecorded, or artificial voice message, or send you a text, e-mail, or other electronic message for: 1) telemarketing or advertising purposes, 2) any purpose related to the servicing and collection of your accounts with us, or 3) for surveys or research (each a "Communication"). You agree that we may send a Communication to any telephone numbers, including cellular telephone numbers, or email addresses you provided on the first page of this Application. Your consent is not required as a condition of financing or purchase. You can revoke consent at any time by calling 800-967-8526 or by writing DriveTime Customer Service at P.O. Box 52020, Phoenix, AZ 85072. You also agree that we may include your personal information in a Communication. You agree that we will not charge you for a Communication, but your service provider may. In addition, you understand and agree that we may always communicate with you in any manner permissible by law that does not require your prior consent.

...or about ...the ...original document is owned by Bridgecrest Acceptance Corporation ...this ...was created on Jun 05, 2017 06:22:10 AM. Page 4 of

Copy of the Electronic Original® document managed by the eCore® On Demand (EOD™) Service.

158000267201

## NOTICE TO BUYER

DO NOT SIGN THIS CONTRACT IN BLANK. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE BUYER COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE BUYER SHALL NOT EXCEED AMOUNTS PAID BY THE BUYER HEREUNDER.

X  Re *Joyce Lyons* o n t r a c t          X  R e t a i l   S a l e s   C o n t r a c t
___Buyer Signs___                              ___Co-Buyer Signs___

By signing below, the Dealer/Creditor accepts this Contract

X  *Jon Ehlinger*
___Dealer___

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3, 4 AND 5 OF THIS CONTRACT AND ACKNOWLEDGES RECEIVING A COPY OF THIS CONTRACT.

X  *Joyce Lyons*                              X
___Buyer Signs___                              ___Co-Buyer Signs___



. . .and this Original document is owned by Bridgecrest Acceptance Corporation. . and this copy was created on Jun 05, 2017 06:22:10 AM.

# Retail Purchase Agreement
## - Pennsylvania-

| BUYER | Joyce Lyons |
|---|---|
| CO-BUYER | |
| ADDRESS | 33 W Main St Apt 1 |
| CITY, STATE, ZIP | Norristown, PA 19401-4718 |
| PHONE(S) | RES | BUS. |

Date __06/03/2017__   Phone __6103822100__

Dealership __DriveTime Car Sales Company, LLC__
DBA: DriveTime
Address __1425 E Ridge Pike__
City, State, Zip __PLYMOUTH MEETING, PA__
Stock Number __1580002672__

**THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

### VEHICLE BEING PURCHASED

| Year | Make | Model | Body |
|---|---|---|---|
| 2008 | Acura | TL | 4dr Sedan |

| Lic. Plate # | License Tab # | Expires | Mileage | Color |
|---|---|---|---|---|
| | | | 80556 | Black |

VIN # __19UUA66248A046321__

You provide an express limited warranty. I have a copy of the limited warranty agreement. No other express or implied warranties are made by you and there will be no implied warranties of merchantability or fitness for a particular purpose unless required by applicable law. You do not have to make any repairs on this vehicle, except as required under the limited warranty and applicable state law. I may also have other rights that vary from state to state.

_JL_ Buyer's Initials _____ Buyer's Initials

### TRADE IN VEHICLE #1

| Year | Make | Model | Body |
|---|---|---|---|
| | | | |

| Lic. Plate # | License Tab # | Expires | Mileage | Color |
|---|---|---|---|---|
| | | | | |

VIN #

### TRADE IN VEHICLE #2

| Year | Make | Model | Body |
|---|---|---|---|
| | | | |

| Lic. Plate # | License Tab # | Expires | Mileage | Color |
|---|---|---|---|---|
| | | | | |

VIN #

Liability insurance coverage for bodily injury and property damage caused to others is not included.

| | |
|---|---|
| Selling Price | $15,595.00 |
| Electronic 3rd Party Filing Fee | $16.43 |
| Lien Filing Fee | $24.00 |
| State License Registration Fee | $36.00 |
| State Title Registration Fee | $51.00 |
| Temporary Tag Fee | $15.20 |
| Documentary Preparation Charge | $134.00 |
| MotionGPS (3 yrs) plus SilverRock Warranty | $695.00 |
| SilverRock DriveCare Powertrain Protection | $3,555.00 |
| SilverRock GAP Coverage | $1,035.00 |
| Sales Tax | $1,149.00 |
| **Subtotal** (Selling Price + Extras + Fees + Taxes) | $22,305.63 |
| Trade-In Allowance | $0.00 |
| Total Trade In Value | $0.00 |
| Total Trade In Extra Value | $0.00 |
| Estimated Pay-off | $0.00 |
| **Net Trade Allowance** (Allowance - Payoff) | $0.00 |
| Down Payment | $800.00 |
| **Total Down Payment** (Down Payment + Net Trade Allowance) | $800.00 |
| **Balance Due** | $21,505.63 |

## No Liability Insurance Included

**NOTICE TO THE CUSTOMER(S):** THE PAYOFF BALANCE REFERRED TO IN ESTIMATED PAY-OFF AND THE FEES REFERRED TO IN LICENSE AND TITLE FEES ARE ESTIMATES, AT THE TIME THE BALANCES AND FEES ARE VERIFIED AND CONTRACT DETERMINED, APPROPRIATE ADJUSTMENTS, IF NECESSARY, WILL BE MADE. ANY DIFFERENCE IN THE PAYOFF AMOUNT IS THE RESPONSIBILITY OF THE CUSTOMER(S).

### Vehicle Return Program

You will give me the ability to return the Vehicle to DriveTime and rescind this Retail Purchase Agreement so long as I return the Vehicle: 1) To the DriveTime dealership where I purchased it within five calendar days (excluding the date of purchase, Sundays, and days DriveTime is closed for holidays), no later than the close of business on the fifth calendar day; 2) Free of all liens and encumbrances other than the lien created by this Retail Purchase Agreement and any applicable retail installment contract; 3) In the same condition I received it except for reasonable wear and tear and any mechanical problem that becomes evident after delivery that were not caused by me; 4) Having driven it no more than 300 miles; 5) Without damage or having been in an accident; and 6) If the Vehicle is driven more than 300 miles, DriveTime may either refuse to accept the vehicle back or at DriveTime's election may charge and I will pay $1.00 per mile for each mile the Vehicle was driven over 300 miles. If I return my vehicle and had traded in a vehicle to you, you will return my trade to me only after I have paid all fees required for the return of the Vehicle. Required fees may not be paid by personal check.

RPA (3/25/15)

Required fees will be deducted from my down payment refund. If I paid my down payment by check or debit card, you will pay me and/or return my trade in by the earlier of (a) when I provide evidence to you the check or debit transaction has cleared or (b) 15 business days after my purchase of the Vehicle. You may pay refunds by debit card. If you do so, you will add an amount to the card to cover my reasonable costs of withdrawing the funds. If I paid my down payment with a credit card, you will apply the refund to the credit card account used to make the down payment. So long as I meet all conditions for return of the Vehicle outlined above, DriveTime will not report this account to the credit bureaus.



DriveTime Car Sales Company, LLC allows you to finance applicable sales/use taxes assessed on ancillary products (vehicle service contract, GPS, GAP Coverage). Whether you finance your vehicle purchase or pay cash, if your vehicle is registered in the state where you purchased your vehicle, DriveTime will remit the applicable sales/use tax on ancillary products to that state on your behalf. Unless required by state law, if your vehicle is registered in a state that is not the state where you purchased the vehicle, DriveTime will not collect or remit to the state of vehicle registration any applicable sales/use tax on ancillary products on your behalf unless you live in Kansas, Louisiana, or Pennsylvania.



**Purchaser acknowledges receipt of a copy of this Agreement. No oral agreements or understandings apply. This Agreement is not binding until accepted by an authorized representative of DriveTime.**

| | | |
|---|---|---|
| Sales Advisor | *Jon Ehlinger* | |
| Sales Manager | *Jon Ehlinger* | |

Purchaser   *Joyce Lyons*
Joyce Lyons

Purchaser _____

Accepted By   *Jon Ehlinger*
DriveTime CarSales Company, LLC

Corporation end... The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Jun 05, 2017 06:22:12 AM. ...



# Your AutoCheck Vehicle History Report

Report Run Date: June 3, 2017 10:43:05 AM EDT

## 2008 Acura TL

VIN: 19UUA66248A046321
Year: 2008
Make: Acura
Model: TL
Style/Body: Sedan 4D

Class: Upscale - Near Luxury
Engine: 3.2L V6 EFI
Country of Assembly: United States
Vehicle Age: 9 year(s)
Calculated Owners: 1



ONE OWNER
Calculated Owners: 1

 **Accident Check**
Reported accidents: 0

 **State Title Brand and Other Problem Check**
Your vehicle checks out:

 **Odometer Check**
Your vehicle checks out:
Last Reported Odometer Reading: 80,277

 **Vehicle Use and Event Check**
Specific vehicle use(s) or events reported




This vehicle's AutoCheck Score



AutoCheck Score
SIMILAR VEHICLES SCORE
73 - 86
90

The AutoCheck Score is a summary of your vehicle's history. It lets you compare similar vehicles with ease.

This vehicle is eligible for Buyback Protection

Due to the vehicle's history showing no reported major state title brands. About Buyback Protection

(https://www.autocheck.com/members/culdesac/whatisThis.jsp)

## Accident Check
Not all accidents / issues are reported to AutoCheck.

**Your Vehicle Checks Out:** There have been no accidents reported to AutoCheck (http://www.autocheck.com/terms) for this 2008 Acura TL (19UUA66248A046321). AutoCheck receives its accident data from government sources and independent agencies, and based on the information available to us, we have found that no accidents have been reported on this vehicle.


NO ACCIDENT FOUND ON RECORD

## State Title Brand and Other Problem Check

**Your Vehicle Checks Out:** AutoCheck's database for this 2008 Acura TL (19UUA66248A046321) shows no negative titles or other

**Your Vehicle Checks Out.** AutoCheck's database for this 2008 Acura TL (19UUA66248A046321) shows no negative titles or other problems. When reported to AutoCheck (http://www.autocheck.com/terms), these events can indicate serious past damage or other significant problems. Check the Vehicle Use and Event Check for reported accidents that can affect vehicle safety and value.

| 0 Problem(s) Reported: | 15 State Title and Other Problem areas checked: |
|---|---|
| ✓ | No abandoned record |
| ✓ | No damaged or major damage incident record |
| ✓ | No fire damaged record |
| ✓ | No grey market record |
| ✓ | No hail damage record |
| ✓ | No insurance loss or probable total loss record |
| ✓ | No junk or scrapped record |
| ✓ | No manufacturer buyback or lemon record |
| ✓ | No odometer problem record |
| ✓ | No rebuilt or rebuildable record |
| ✓ | No salvage or salvage auction record |
| ✓ | No water damaged record |
| ✓ | No NHTSA crash test record |
| ✓ | No frame or structural damage record |
| ✓ | No recycling facility record |

## Odometer Check

**Your Vehicle Checks Out:** AutoCheck examined the reported odometer readings reported to AutoCheck (http://www.autocheck.com/terms) for this 2008 Acura TL (19UUA66248A046321) and no indication of an odometer rollback or tampering was found. AutoCheck uses business rules to determine if reported odometer readings are significantly less than previously reported values. Not all reported odometer readings are used. Title and auction events also report odometer tampering or breakage.

| 0 Problem(s) Reported: | Mileage | Date Reported |
|---|---|---|
| ✓ | 18 | 10/15/2008 |
| ✓ | 22,500 | 10/19/2009 |
| ✓ | 80,276 | 03/24/2017 |
| ✓ | 80,276 | 03/27/2017 |
| ✓ | 80,276 | 04/07/2017 |
| ✓ | 80,277 | 05/11/2017 |

## Vehicle Use and Event Check

**Information Reported:** AutoCheck shows additional vehicle uses or events reported to AutoCheck (http://www.autocheck.com/terms) for this 2008 Acura TL (19UUA66248A046321). This includes reported vehicle uses such as rental or lease, and events such as whether the vehicle has

2008 Acura TL (19UUA66248A046321). This includes reported vehicle uses such as rental or lease, and events such as whether the vehicle has been reported to have had a loan/lien or a duplicate title issued. Other events show if the vehicle has a reported accident and how many calculated accidents or if it has been reported stolen or repossessed. It is recommended to have pre-owned vehicles inspected by a third party prior to purchase.

| 0 Event(s) Reported: | 6 Vehicle uses checked: |
|---|---|
| ☺ | No fleet, rental and/or lease use record |
| ☺ | No taxi use record |
| ☺ | No police use record |
| ☺ | No government use record |
| ☺ | No livery use record |
| ☺ | No driver education record |

| 1 Event(s) Reported: | 9 Vehicle events checked: |
|---|---|
| ☺ | No accident record reported through accident data sources |
| ☺ | No corrected title record |
| ☺ | No duplicate title record |
| ☺ | No emission/safety inspection record |
| ☺ | Loan/Lien record(s) |
| ☺ | No fire damage incident record |
| ☺ | No repossessed record |
| ☺ | No theft record |
| ☺ | No storm area registration/title record |

## Detailed Vehicle History

Below are the historical events for this vehicle listed in chronological order. Any discrepancies will be in bold text.

Report Run Date June 3, 2017 10:43:05 AM EDT

Vehicle: 2008 Acura TL (19UUA66248A046321)



**ONE OWNER**

Calculated Owners: 1

| Event date | Location | Odometer reading | Data Source | Details |
|---|---|---|---|---|
| 10/15/2008 | ANNAPOLIS, MD | 18 | Motor Vehicle Dept. | TITLE (Title #:39824109) (Lien Reported) REGISTRATION EVENT/RENEWAL |
| 10/19/2009 | SOUTH RIVER, NJ | 22,500 | Motor Vehicle Dept. | TITLE (Title #:ER200929200000724) (Lien Reported) |
| 10/31/2009 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2011 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |

| Date | Location | Mileage | Source | Event |
|------|----------|---------|--------|-------|
| 10/31/2013 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2014 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2015 | SPOTSWOOD, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 03/24/2017 | EASTERN REGION | 80,276 | Auto Auction | REPORTED AT AUTO AUCTION |
| 03/27/2017 | EASTERN REGION | 80,276 | Auto Auction | REPORTED AT AUTO AUCTION AS DEALER VEHICLE (COLOR REPORTED AS BLACK) |
| 04/07/2017 | MESA, AZ | 80,276 | Motor Vehicle Dept. | TITLE (Title #:00K4017097043) |
| 05/11/2017 | PLYMOUTH MEETING, PA | 80,277 | Motor Vehicle Dept. | TITLE (Title #:77504371) |

## This Vehicle's Glossary

Below are the specific definitions for events that appear in this vehicle's report.
More information is available in the full AutoCheck glossary. (https://www.autocheck.com/members/culdesac/freelink_glossary.jsp)

| Term | Section Location | Definition |
|------|------------------|------------|
| Loan/lien | Vehicle Use and Event Check | A loan/lien is the legal right to take and hold or sell the vehicle of a debtor as security or payment for a debt. Normally, a vehicle will have a lien due to a loan or unpaid repair bill against the vehicle. Check with the seller to ensure that the lien has been satisfied. |

**AutoCheck Terms and Conditions**
This report, and any reliance upon it, is subject to AutoCheck Terms and Conditions . If you obtained the report from a dealer, the dealer has been provided with these Terms & Conditions and can share them with you. These AutoCheck Terms and Conditions are also available at any time at www.autocheck.com/terms or by writing to Experian: Experian Automotive C/O AutoCheck Customer Service 955 American Lane Schaumburg IL 60173

**Buyback Protection Terms and Conditions**
This vehicle (19UUA66248A046321) qualifies for AutoCheck Buyback Protection . If you obtained the report from a dealer, the dealer has been provided with the terms and can share them with you. These Buyback Protection Terms and Conditions are also available to you at any time at www.autocheck.com/bbpterms or by writing to Experian: Experian Automotive C/O AutoCheck Customer Service 955 American Lane Schaumburg IL 60173

**About AutoCheck**
AutoCheck vehicle history reports by Experian Automotive is the leading vehicle history reporting service. With expert data handling, the Experian Automotive database houses over 4 billion records on a half a billion vehicles. Every AutoCheck vehicle history report will give you confidence when buying or selling your next used vehicle, with superior customer service every step of the way.

**Patent Notice**
Certain aspects of this vehicle history report may be covered by U.S. Patent 8,005,759.



# Your AutoCheck Vehicle History Report

Report Run Date: June 22, 2018 11:35:42 AM EDT

## 2008 Acura TL

**VIN:** 19UUA66248A046321

**Year:** 2008

**Make:** Acura

**Model:** TL

**Style/Body:** Sedan 4D

**Class:** Upscale - Near Luxury

**Engine:** 3.2L V6 EFI

**Country of Assembly:** United States

**Vehicle Age:** 10 year(s)

**Calculated Owners:** 2



**MULTIPLE OWNERS**

Calculated Owners: 2

 **Accident Check**
Reported accidents: 0

 **State Title Brand and Other Problem Check**
Your vehicle checks out:

 **Odometer Check**
Your vehicle checks out:
Last Reported Odometer Reading: 80,556

 **Vehicle Use and Event Check**
Specific vehicle use(s) or events reported



This vehicle's AutoCheck Score

AutoCheck Score **86**

SIMILAR VEHICLES SCORE
79 - 88

The AutoCheck Score is a summary of your vehicle's history. It lets you compare similar vehicles with ease.



This vehicle is eligible for Buyback Protection

Due to the vehicle's history showing no reported major state title brands. About Buyback Protection

(https://www.autocheck.com/members/whatIsThis.do)

## Accident Check

Not all accidents / issues are reported to AutoCheck.

**Your Vehicle Checks Out:** There have been no accidents reported to AutoCheck (https://www.autocheck.com/members/terms.do) for this 2008 Acura TL (19UUA66248A046321). AutoCheck receives its accident data from government sources and independent agencies, and based on the information available to us, we have found that no accidents have been reported on this vehicle.



**NO ACCIDENT**
FOUND ON RECORD

## State Title Brand and Other Problem Check

**Your Vehicle Checks Out:** AutoCheck's database for this 2008 Acura TL (19UUA66248A046321) shows no negative titles or other problems. When reported to AutoCheck (https://www.autocheck.com/members/terms.do), these events can indicate serious past damage or other significant problems. Check the Vehicle Use and Event Check for reported accidents that can affect vehicle safety and value.

**0 Problem(s) Reported:**          **15 State Title and Other Problem areas checked:**

- No abandoned record
- No damaged or major damage incident record
- No fire damaged record
- No grey market record
- No hail damage record
- No insurance loss or probable total loss record
- No junk or scrapped record
- No manufacturer buyback or lemon record
- No odometer problem record
- No rebuilt or rebuildable record
- No salvage or salvage auction record
- No water damaged record
- No NHTSA crash test record
- No frame or structural damage record
- No recycling facility record

## Odometer Check

**Your Vehicle Checks Out:** AutoCheck examined the reported odometer readings reported to AutoCheck (https://www.autocheck.com/members/terms.do) for this 2008 Acura TL (19UUA66248A046321) and no indication of an odometer rollback or tampering was found. AutoCheck uses business rules to determine if reported odometer readings are significantly less than previously reported values. Not all reported odometer readings are used. Title and auction events also report odometer tampering or breakage.

| 0 Problem(s) Reported: | Mileage | Date Reported |
|---|---|---|
| | 18 | 10/15/2008 |
| | 22,500 | 10/19/2009 |
| | 80,276 | 03/24/2017 |
| | 80,276 | 03/27/2017 |
| | 80,276 | 04/07/2017 |
| | 80,277 | 05/11/2017 |
| | 80,556 | 06/13/2017 |

## Vehicle Use and Event Check

**Information Reported:** AutoCheck shows additional vehicle uses or events reported to AutoCheck (https://www.autocheck.com/members/terms.do) for this 2008 Acura TL (19UUA66248A046321). This includes reported vehicle uses such as rental or lease, and events such as whether the vehicle has been reported to have had a loan/lien or a duplicate title issued. Other events show if the vehicle has a reported accident and how many calculated accidents or if it has been reported stolen or repossessed. It is recommended to have pre-owned vehicles inspected by a third party prior to purchase.

**0 Event(s) Reported:**   **6 Vehicle uses checked:**

- No fleet, rental and/or lease use record
- No taxi use record
- No police use record
- No government use record
- No livery use record
- No driver education record

**1 Event(s) Reported:**   **9 Vehicle events checked:**

- No accident record reported through accident data sources
- No corrected title record
- No duplicate title record
- No emission/safety inspection record
- Loan/Lien record(s)
- No fire damage incident record
- No repossessed record
- No theft record
- No storm area registration/title record

## Detailed Vehicle History

Below are the historical events for this vehicle listed in chronological order. Any discrepancies will be in bold text.

Report Run Date June 22, 2018 11:35:42 AM EDT

Vehicle: 2008 Acura TL (19UUA66248A046321)



**MULTIPLE OWNERS**
Calculated Owners: 2

| Event date | Location | Odometer reading | Data Source | Details |
|---|---|---|---|---|
| 10/15/2008 | ANNAPOLIS, MD | 18 | Motor Vehicle Dept. | TITLE (Title #:39824109) (Lien Reported) REGISTRATION EVENT/RENEWAL |
| 10/19/2009 | SOUTH RIVER, NJ | 22,500 | Motor Vehicle Dept. | TITLE (Title #:ER200929200000724) (Lien Reported) |

| Date | Location | Mileage | Source | Event |
|---|---|---|---|---|
| 10/31/2009 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/31/2011 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/05/2013 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 10/15/2014 | SOUTH RIVER, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 09/03/2016 | SPOTSWOOD, NJ | | Motor Vehicle Dept. | REGISTRATION EVENT/RENEWAL |
| 03/24/2017 | EASTERN REGION | 80,276 | Auto Auction | REPORTED AT AUTO AUCTION |
| 03/27/2017 | EASTERN REGION | 80,276 | Auto Auction | REPORTED AT AUTO AUCTION AS DEALER VEHICLE (COLOR REPORTED AS BLACK) |
| 04/07/2017 | MESA, AZ | 80,276 | Motor Vehicle Dept. | TITLE (Title #:00K4017097043) |
| 05/11/2017 | PLYMOUTH MEETING, PA | 80,277 | Motor Vehicle Dept. | TITLE (Title #:77504371) |
| 06/13/2017 | NORRISTOWN, PA | 80,556 | Motor Vehicle Dept. | TITLE (Title #:77504371) (Lien Reported) REGISTRATION EVENT/RENEWAL |

## This Vehicle's Glossary

Below are the specific definitions for events that appear in this vehicle's report.
More information is available in the full AutoCheck glossary. (https://www.autocheck.com/members/freelink_glossary.do)

| Term | Section Location | Definition |
|---|---|---|
| Loan/Lien | Vehicle Use and Event Check | A loan/lien is the legal right to take and hold or sell the vehicle of a debtor as security or payment for a debt. Normally, a vehicle will have a lien due to a loan or unpaid repair bill against the vehicle. Check with the seller to ensure that the lien has been satisfied. |

**AutoCheck Terms and Conditions**
This report, and any reliance upon it, is subject to AutoCheck Terms and Conditions . If you obtained the report from a dealer, the dealer has been provided with these Terms & Conditions and can share them with you. These AutoCheck Terms and Conditions are also available at any time at www.autocheck.com/terms or by writing to Experian: Experian Automotive C/O AutoCheck Customer Service 955 American Lane Schaumburg IL 60173

**Buyback Protection Terms and Conditions**
This vehicle (19UUA66248A046321) qualifies for AutoCheck Buyback Protection . If you obtained the report from a dealer, the dealer has been provided with the terms and can share them with you. These Buyback Protection Terms and Conditions are also available to you at any time at www.autocheck.com/bbpterms or by writing to Experian: Experian Automotive C/O AutoCheckCustomer Service 955 American Lane Schaumburg IL 60173

**About AutoCheck**
AutoCheck vehicle history reports by Experian Automotive is the leading vehicle history reporting service. With expert data handling, the Experian Automotive database houses over 4 billion records on a half a billion vehicles. Every AutoCheck vehicle history report will give you confidence when buying or selling your next used vehicle, with superior customer service every step of the way.

**Patent Notice**
Certain aspects of this vehicle history report may be covered by U.S. Patent 8,005,759.

 **DriveTime®**

## Experian AutoCheck Vehicle History Report

At DriveTime, we stand behind our vehicles. Your peace of mind is important to us so we take several steps to ensure you get the vehicle you've been looking for.

- ■ Every vehicle comes with our 30 Day Limited Warranty.

- ■ We provide each customer with an Experian AutoCheck History Report.

The Experian Report may indicate a prior: (1) accident record; (2) title or odometer issue; or (3) use as a government fleet, rental, taxi, and/or lease vehicle. The Experian Report may not capture every event related to your vehicle, so DriveTime cannot guarantee its accuracy.

**Please review your Experian Vehicle History Report carefully. If any of these items are noted on the report make sure you are comfortable prior to completing your purchase.**

At DriveTime, not only do we turn 'No' into 'Go', we make sure you drive home in a quality vehicle.

Thank you for choosing DriveTime , The Go-To-Guys for Cars and Credit!!

I have reviewed and received a copy of the most recent Experian AutoCheck History Report and have all my questions answered.

*Joyce Lyons*

_____
Buyer

_____
Co-Buyer

_____
Interpreter

The original document is owned by Bridgecrest Acceptance Corporation and this copy was created on Jun 05, 2017 06:22:11 AM.